JAMES D. PERKINS & another *vs.* CHARLES D. STICKNEY
& others.

Suffolk.   January 11. — 30, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

Whether a witness is qualified to testify as an expert is a preliminary question
for the presiding judge, whose decision is conclusive, unless it appears upon
the evidence to have been erroneous, or to have been founded upon some error
in law.

A treasurer of a mill corporation, whose only knowledge of the quality of the coal
burned in his mill is derived from the weekly reports of his engineer, is not
qualified as an expert to testify as to such quality, although he has bought all
the coal used in his mill for several years.

CONTRACT upon an account annexed for coal sold and deliv-
ered.   The answer set up a warranty by the plaintiffs that the
coal should be first-class coal, and fully equal to the coal sold
by one Job, and alleged a breach of the warranty.   Trial in the
Superior Court, before *Staples*, J., who allowed a bill of excep-
tions, in substance as follows:

The plaintiffs were wholesale coal-dealers in New York.   The
defendants were wholesale and retail coal-dealers in Fall River.
There was evidence tending to show that the warranty applied
to coal sold by said Job to Joseph A. Bowen & Company of
Fall River, competitors of the defendants, and sold by Bowen
& Company to the mills in Fall River for steam purposes.

In order to prove the poor quality of the plaintiffs' coal, the
defendants called a witness, who testified that he was the treas-
urer of one of the mills in Fall River; that it had been his duty
to buy, and he had in fact bought, all the coal used in his mill
to generate steam since it was built, a period of seven or eight
years; that he knew of the quality of coal burned in his mill
only by the reports which he required the engineer to furnish
him weekly; that he occasionally went into or passed through
the engine-room and fire-room; and that his mills had used one
lot of coal bought of Bowen & Company, and also coal bought
of the defendants.

The witness was thereupon asked the following questions by
the defendants: "What are the comparative merits, as to the
production of steam power, of the coal sold you by Bowen,
and that sold you by the defendants?"   "How many tons of

Bowen's coal are equal, in efficiency for steam purposes, to how many tons of the defendants' coal?" The judge excluded the questions, on the ground that the witness did not appear to be an expert, or to know about the subject of the inquiry.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*S. H. Dudley & W. P. Dudley*, for the defendants.

*C. T. Gallagher*, for the plaintiffs.

ENDICOTT, J. Whether a witness who is called as an expert has the requisite qualifications and knowledge to enable him to testify, is a preliminary question for the court. The decision of this question is conclusive, unless it appears upon the evidence to have been erroneous, or to have been founded upon some error in law. *Nunes* v. *Perry*, 113 Mass. 274, 276. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. In the case at bar, no such error is shown; on the contrary, it appears that the witness had no knowledge of the quality of the coal in question, except through the reports of his engineer. *Exceptions overruled.*