MUSKEGET ISLAND CLUB *vs.* INHABITANTS OF NANTUCKET.

Bristol.   January 19, 1904. — March 9, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Evidence,* Opinion: Experts, Of value of land.   *Practice, Civil,* Exceptions.

Although the decision of a presiding judge as to the qualification of an expert is conclusive unless upon the evidence it appears to be erroneous, yet where it appears that a witness, offered as an expert as to the value of a certain small island taken for a public park, has known the land in question for many years, has traded to a considerable extent in land in the same town, and in six different years near the time when the land was taken has valued the land as an assessor of the town, the exclusion of his testimony on the ground that he is not qualified as an expert is error in law.

Where a petitioner for damages, for the taking of a small sand island off the coast of Nantucket, based his claim on the value of the land for shooting purposes, it was held that a witness offered by the respondent, otherwise qualified as an ex-

pert to testify as to the value of the land, should not have been excluded as an expert because he testified that he never had been on the island and personally knew nothing of the shooting there although he had seen a good deal of shooting in the vicinity, because the real question was the fair market value of the land in view of all the purposes for which it was adapted or might be used, and the jury might not have taken the view of the petitioner that its value was to be determined for shooting purposes alone.

The rule, that an exception will not be sustained to the exclusion of testimony unless it appears what the testimony would have been, does not apply to the exclusion of the testimony of a witness, offered as an expert as to the value of land, solely on the ground that he was not qualified as an expert.

PETITION, filed September 13, 1898, under St. 1895, c. 442, § 3, by the Muskeget Island Club, a corporation organized under the laws of this Commonwealth, for damages for the taking of a portion of the island of Muskeget in the town of Nantucket, west of Nantucket and the island of Tuckernuck, for a public park.

At the trial in the Superior Court *Lawton*, J. excluded the testimony of Hiram C. Folger, a witness offered as an expert by the respondent, on the ground that the witness was not qualified as an expert. The jury returned a verdict for the petitioner in the sum of $7,000; and the respondent alleged exceptions.

*E. A. Whitman*, for the respondent.

*H. N. Shepard*, for the petitioner.

HAMMOND, J. The question whether a witness offered as an expert is qualified to testify as such, is to be decided by the presiding judge as a question of fact, and his decision is conclusive unless upon the evidence it appears erroneous in law. *Perkins* v. *Stickney*, 132 Mass. 217. We cannot say that in coming to the conclusion that the several witnesses called by the petitioner were qualified the judge erred in law. In each case the evidence justified the finding.

But we think that the evidence as to Folger did not warrant his exclusion. He testified that he had lived in Nantucket over sixty years, and for the last seventeen years had held town offices, prior to which time he had been a farmer for twenty-six years; that he had known a great deal of all kinds of land in Nantucket, and had bought and sold for himself and other people; that he knew only by hearsay whether land had been sold for shooting places on the sandy beaches, but had heard of some sales on Eel Point for that purpose. He further testified

that he had been an assessor of the town of Nantucket for six years, being the years 1888 to 1891, both inclusive, 1896 and 1897, and in that capacity had assessed the island of Muskeget; that he never had visited Muskeget, but had visited the island of Tuckernuck and Eel Point and Smith Point, the western points of Nantucket, where his father had lived. He also testified that while he never had been on Muskeget he had sailed within half a mile of it, that he knew it was a sand heap, that he knew nothing of the shooting there except from his friends " who go shooting there," and that he had seen a great deal of shooting on Smith and Eel Points and had been there a great many times. We do not understand that any of these statements are taken to be untrue, or that the witness was excluded upon the ground of mental infirmity from age or any other cause.

Here then is a man who has been a resident of the town for sixty years, for twenty-six years of which time he was a farmer, who has traded to a considerable extent for himself and others in land situated in the town, who has seen the land in question and knows its situation and general character, who is somewhat acquainted with shooting in that vicinity, who has held important town offices for years, and who above all has been called upon, in the discharge of his official duty and under his official oath as an assessor for six different years close around the time when the land was taken, some before and some after the taking, to appraise this very land and declare its market value. It seems clear that upon this testimony he is qualified as an expert. He was a typical islander, apparently of the most reliable character, had passed his life in that vicinity, and, in many ways, especially in his capacity as an assessor, had had his attention called to this land and in the latter capacity had valued it under an official oath. The knowledge, in part at least, was acquired as an officer whose duty it was to ascertain the value of this land for purposes of taxation. See *Swan* v. *Middlesex County*, 101 Mass. 173, 177. If it be said that the petitioner's claim was based upon the value of the land for shooting purposes, the answer is that while that may have been one of the purposes to which it might be devoted, yet it could not have been certain that the jury would take that view, and the real question was

its fair market value in view of all the purposes for which it was adapted or might be used. The fact also that Folger had not been upon the land was of but little, if any, importance under the circumstances so far as respected its character. It was what it appeared to him to be, a sand heap.

It is argued by the petitioner that inasmuch as the record fails to show what the testimony of Folger would have been, or what the respondent expected to prove by him, the exception to his exclusion should not be sustained ; and in support of that proposition it relies upon those cases where an exception to the exclusion of a question has been overruled upon the ground that the record does not show what the witness was expected to say, or, if permitted to answer, would have said. In such a case it does not appear that the exclusion of the question resulted in the exclusion of any evidence material to the issue.

But here it is plain that the only question then before the court was not whether the testimony of the witness, if he were allowed to give it, would be material, but whether he was qualified to testify as an expert ; and he was excluded not because his testimony would be immaterial, but on the ground that he was not qualified to testify at all. We think that the rule upon which the petitioner relies should not be extended to such a case.

*Exceptions sustained.*