FOURTH NATIONAL BANK OF BOSTON & others *vs.* COMMONWEALTH.

Suffolk.    March 7, 8, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Damages,* For land taken or damaged under statutory authority. *Evidence,* Remoteness, Of value.

At the trial of a petition for the assessment of damages for a taking by the Commonwealth of a tract of land by right of eminent domain, it appeared that the land in question comprised a tract of nearly thirty acres fronting on a public way and that the petitioner had divided it into building lots, some of them fronting on the public way and some on private ways running into the interior of the tract. The lots fronting on the public way were more valuable than those in the interior of the tract. None of the lots had been sold. On the other side of the public way, directly opposite the petitioner's land, was another tract

which had been divided by its owner into lots substantially like those of the petitioner, and there had been sales of lots in that tract fronting on the public way, some for cash and some where only a part of the purchase price was paid in money, the payment of the balance being secured by a mortgage from the purchaser. Evidence of such sales was admitted. *Held,* that the determination of the question whether the evidence should have been admitted was within the discretion of the trial judge, and that he had not exercised his discretion improperly.

At the trial of a petition for the assessment of damages for land taken by the Commonwealth by right of eminent domain, it appeared that the petitioner's land comprised a tract of thirty acres, and the Commonwealth in cross-examination of a witness for the petitioner introduced without objection evidence of a sale at public auction of a tract of eleven acres adjoining the petitioner's land, of similarity of the tracts, and that for thirty years both tracts had been unoccupied except for agricultural purposes. With the consent of counsel and accompanied by them the judge viewed the premises and thereafter on his own motion excluded the evidence of the price paid for the eleven acre tract on the ground that that tract was not sufficiently similar to the petitioner's land to make it a fair standard of value. There was no statement by the judge of the topographical differences upon which the ruling was based. The Commonwealth excepted. *Held,* that it could not be said as a matter of law that the judge had exercised his discretion improperly.

BRALEY, J. The petitioner's land having been taken in fee for the use of the public under the St. of 1909, c. 535, and a jury having been asked for and damages assessed as provided by the statute, the case is before us on the respondent's exceptions, which were confined at the argument to alleged errors in the admission and exclusion of evidence.*

The land, comprising a tract of nearly thirty acres divided into building lots, fronted on the northerly side of a public way, and the tier of lots abutting on the way, being more attractive to purchasers, would command a higher price in the market than the portions not so advantageously located.† If the measure of damages was the fair market value of the whole parcel, yet the petitioner would not have been precluded from introducing evidence of the price received from actual sales of these lots. But,

---

* The Fourth National Bank of Boston (called the petitioner) filed the petition on March 26, 1910, and alleged that it was the owner in fee simple of the land in question. Thereafter various mortgagees and claimants of interests in the land were allowed to intervene. The case was tried before *Stevens,* J.

† In the petitioner's plan, private streets were shown running into the interior of the tract, with building lots on both sides of them.

as no sales had been made, evidence of this character was not available, and it was permitted to offer evidence of sales of lots for cash, or where the purchase‑ price was payable partly in money, and the balance secured by a mortgage back from the purchaser, which abutted on the south side of the way directly opposite the land in question. It long has been settled, that in the assessment of damages where lands are acquired by eminent domain evidence is admissible of the price received from sales of land similar in character, and situated in the vicinity, if the transactions are not so remote in point of time that a fair comparison practically is impossible. *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316, 326. *Paine* v. *Boston*, 4 Allen, 168. *Benham* v. *Dunbar*, 103 Mass. 365. It rests very largely within the province of the presiding judge to determine in his discretion if the evidence shall be accepted or rejected. *Paine* v. *Boston*, 4 Allen, 168. *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115, 117. *Ham* v. *Salem*, 100 Mass. 350, 352. The conditions which often may make the decision difficult vary with the circumstances of each case, and are amply pointed out by Morton, J., in *Lyman* v. *Boston*, 164 Mass. 99, 104, 105. The decision of the trial judge, if manifest error is affirmatively shown by the excepting party, is however reviewable. *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1, 8. *Chandler* v. *Jamaica Pond Aqueduct*, 122 Mass. 305, 307. *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303. But the respondent fails to point out elements of dissimilarity sufficient to render the evidence irrelevant and prejudicial. The lots sold were in the same street and vicinity, and appear to have been substantially alike, and if by the terms of sale a part of the purchase price in some instances remained on mortgage, this condition did not restrict competition among bidders, or prevent the sales from being a fair standard of comparison. *Amory* v. *Melrose*, 162 Mass. 556, 558.

The respondent in the cross-examination of a witness called by the petitioner introduced without objection the sale at public auction of a tract of eleven acres adjoining the petitioner's land and the price received and also elicited testimony of the similarity of the tracts, and that during a period of thirty years both parcels had been unoccupied except for agricultural purposes. But with the consent of counsel, and accompanied by them, the judge took

a view of the premises. The parties must have understood, that although not recited in the exceptions, the physical facts thus ascertained might be considered as relevant on the question, whether this evidence should have been admitted. It was with this understanding that the judge finally ruled, that the outside land was not "sufficiently similar to the lot in question to be a fair standard of value." The respondent properly could have asked for a statement of the topographical differences upon which the ruling was based, and have urged that they were insufficient to show that the evidence was incompetent. No request, however, was made, and of his own volition the judge thereupon excluded the price, and directed the jury to disregard it. While from the record his judicial discretion would have been more wisely exercised if the jury had been permitted to consider the evidence, yet it cannot be held as matter of law that the exclusion was erroneous. *Perkins* v. *Stickney*, 132 Mass. 217.

*Exceptions overruled.*

*D. Malone,* (*G. S. Fuller* with him,) for the Commonwealth.
*W. A. Buie,* (*John R. Murphy* with him,) for the petitioners.

