### UNITED STATES v. NICKERSON et al.

(Circuit Court of Appeals, First Circuit. December 13, 1924.)

#### No. 1781.

1. **Appeal and error ⬅➡930(2)—Unwarranted statement of counsel, not based on evidence, held not to require mistrial.**

In condemnation proceeding to acquire land for naval aviation station, unwarranted statement of counsel as to agreement on fair valuation *held* not to require mistrial, but jury are presumed to have followed instruction to disregard it.

2. **Evidence ⬅➡142(1), 488—Evidence of other sales not in immediate vicinity, and testimony of witnesses not dealers, admissible within discretion of court.**

In condemnation proceeding by government, it was within court's discretion to admit evidence of sales of other lands, though not in immediate vicinity of lands taken, as well as to permit jury to take opinions of witnesses who were not merely real estate dealers.

3. **Eminent domain ⬅➡222(4)—Instruction on consideration of evidence of other sales held proper.**

In condemnation proceeding by government to fix value of land taken, instruction that sales of other land in the neighborhood were to be disregarded, unless in light of jury's view and of testimony they were satisfied of real similarity between the section where such sales were made and the land taken, *held* without error.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of the petition of the United States for condemnation of certain lands belonging to Franklin B. Nickerson and others. Judgment awarding compensation, and the United States brings error. Judgment affirmed.

Essex S. Abbott, Sp. Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., and Joseph V. Carroll, Sp. Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Arthur S. Phillips, of Fall River, Mass., for defendants in error Gilmore and Hall.

William A. Morse, of Boston, Mass., for Theophilus Snow, special administrator for the estate of F. B. Nickerson.

Walter Shuebruk, of Boston, Mass. (Williams & Fuller, of Boston, Mass., on the brief), for defendants in error Hardy and Willett.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This case grows out of the government's plan to establish a naval aviation station at Chatham, on Cape Cod. The petition is a condemnation, or more accurately a valuation, proceeding brought under the statutory provisions described in Turner v. Woodard, 259 F. 737, 740, 170 C. C. A. 537. Attached to the petition, and made part thereof by reference, is a letter from the Acting Secretary of the Navy to the Attorney General, in which there is a recital that the department had completed negotiations with the owners for the purchase of their respective parcels, on condition that a good fee-simple title free from all incumbrances would be transferred to the government, and that the proposed vendors had failed to do this; also that an appropriation of $75,000 was still available for the acquisition of the land for this station.

After the jury was impaneled, in May, 1922, it took a view of the locus, which is

in the vicinity of the Chatham Bars Inn, the leading hotel in that part of Cape Cod. The court did not accompany the jury.

After this view, the government offered the evidence of a civil engineer and rested. Neither then nor thereafter did the government offer any evidence as to the value of the land. There is, therefore, nothing in the record indicating that, if a new trial were granted, a lower valuation might be expected.

The jury found that on April 21, 1921, the date of the filing of the petition, the value of the land, as an entirety, was $50,-335, or, with interest to date, $53,715.06.

The government's chief contention is that the court erred in denying the petitioner's motion that the jury be discharged because of an alleged improper statement made in opening by counsel for Nickerson, to the effect that, after the government entered upon the land during the World War, an agreement was entered into that a fair valuation for Nickerson's land and privileges was $35,000. This statement of counsel was apparently evoked by the allegation in the petition to the effect that the government had *"completed negotiations, but the land-owners had failed to make title."* The court forthwith instructed the jury that they should disregard the statements of counsel, unless subsequently supported by evidence admitted. No evidence was admitted. Reference to the same subject-matter in the closing argument was also disposed of by the court's statement that the remark was improper and was to be disregarded.

Near the close of the charge, the court repeated this caution:

"I caution you to disregard all statements made to you by counsel in opening, except such as are supported by the evidence before you. You will pay no attention to any talk about the agreement with the government as to the taking over of this land. That is not evidence. Those sorts of agreements were often made under circumstances which were very unfair, either to the government or property owners, and if for no other reason than that you could not tell whether such an agreement would be of the slightest assistance in getting at a fair valuation, unless you knew the circumstances under which the agreement was made, which, of course, are not before you. There is no evidence of it. I excluded the evidence. And you will pay no attention to any suggestions made to you about it."

[1] The motion for the discharge of the jury was not made until the morning recess of the day after the opening complain-ed of, apparently after the trial had proceeded a full day.

It is well settled that, under such circumstances, the trial judge is not bound to end the trial. O'Connell v. Dow, 182 Mass. 541, 549, 66 N. E. 788; Commonwealth v. Howard, 205 Mass. 128, 145, 91 N. E. 397; Posell v. Herscovitz, 237 Mass. 513, 130 N. E. 69; Tildsley v. Boston Elevated, 224 Mass. 117, 119, 112 N. E. 499; Commissioners v. Richmond, 207 Mass. 240, 251, 93 N. E. 816, 20 Ann. Cas. 1269. The jury are presumed to have followed the court's instruction and disregarded the statement of counsel.

[2, 3] The government also assigned, including subdivisions, some 50 errors—such as to the admission of evidence of sales and as to the competency of expert witnesses and other minor points. We think it unnecessary to state and consider these assignments in detail; for a careful examination of the record shows us that they were not errors of law, but were merely the exercise of the broad discretionary power vested in the trial court, particularly in a land damage case.

Under such circumstances as obtained in this case, it was clearly a matter of discretion for the court to admit evidence of the sales of other lands, although not in the immediate vicinity of the locus, as well as to permit the jury to take the opinions of witnesses who were not merely real estate dealers. This was all that was done. And in the court's charge to the jury, after commenting on the fact that the jury had seen the locus and other lands in that vicinity, and that the court had not, the jury were clearly instructed that sales of land in the neighborhood were to be disregarded, unless, considered in the light of the jury's view of the locality and of the testimony, they were satisfied that there was real similarity between the section where such sales were made, and the locus. It is difficult to see how a sounder or fairer rule could be applied. Compare Commonwealth v. Spencer, 212 Mass. 438, 448, 99 N. E. 266, Ann. Cas. 1913D, 552; Fourth National Bank v. Commonwealth, 212 Mass. 66, 68, 98 N. E. 686; Harrington v. Boston Elevated, 229 Mass. 421, 118 N. E. 880, 2 A. L. R. 1057; Muskeget Island Club v. Nantucket, 185 Mass. 303, 70 N. E. 61; Chandler v. Jamaica Pond Aqueduct, 125 Mass. 544, 551; Lyman v. City of Boston, 164 Mass. 99, 104, 41 N. E. 127; Manning v. Lowell, 173 Mass. 100, 104, 53 N. E. 160.

The judgment of the District Court is affirmed.