OLD SILVER BEACH CORPORATION *vs.* INHABITANTS OF FALMOUTH.

Barnstable.      January 10, 1929. — February 14, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Witness,* Expert. *Evidence,* Opinion: expert; Competency; Of value of land. *Damages,* For property taken or damaged under statutory authority. *Practice, Civil,* Exceptions.

At the trial of a petition for the assessment of damages caused by the taking by eminent domain of land on the east shore of Buzzard's Bay between West Falmouth and North Falmouth, the respondent offered, as an expert witness on the value of the land, one who testified that he lived at Pocasset, was in the business of real estate and building; had been in the real estate business for twenty-five years; had bought and sold, and acted as agent in, real estate along Buzzard's Bay for the last few years; had made sales of real estate in Falmouth, some in West Falmouth, some in Cataumet and Pocasset with shore privileges, and five or six sales of shore property on Buzzard's Bay; had "property listed with him in the town of Falmouth for sale, some of them located

on Buzzard's Bay quite near this property"; had conducted a summer rental business for six or seven years, had been interested on a few occasions in appraisals of real estate; and had looked over the property in question. The judge ruled that the witness was not qualified to testify as an expert. On exception by the respondent, it was *held,* that

(1) The evidence of the witness's qualifications did not warrant the exclusion of his testimony as to the value of the land;

(2) The fact that there was no offer of proof of the valuation of the property by the witness did not prevent the sustaining of the respondent's exception to the exclusion of his testimony;

(3) The respondent's exception was sustained.

At the trial above described, the petitioner offered to introduce testimony showing a particular plan of development of the property contemplated. The respondent objected. The judge then stated the correct rule of law, that the proper uses to which the property could be put might be taken into consideration, and the respondent excepted. The judge then said: "I am only allowing uses to which it could be put and that may be one or more." The witness then stated what the plan of the petitioner was. The respondent did not ask to have this answer of the witness struck out. *Held,* that in the circumstances the exception should not be sustained.

PETITION, filed in the Superior Court on August 4, 1927, for the assessment of damages for property taken by the respondent by eminent domain.

In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $24,727.58. The respondent alleged exceptions.

*J. P. Sylvia, Jr.,* for the respondent.

*L. Powers,* for the petitioner.

CARROLL, J. This is a petition for the assessment of damages for the taking by eminent domain by the respondent for park purposes of a tract of land, owned by the petitioner and located on the east shore of Buzzard's Bay between West Falmouth and North Falmouth. There was a verdict for the petitioner. The case is in this court on the respondent's exceptions.

Walter H. Wing, a witness called by the respondent as a real estate expert, testified in substance that he lived in Pocasset; that his business was real estate and building; that he had been in the real estate business for over twenty-five years and had bought and sold, and acted as agent in, real estate along Buzzard's Bay for the last few years; that he

had made sales of real estate in Falmouth, some of the sales being made in West Falmouth; that he had sold some property in the villages of Cataumet and Pocasset with shore privileges, and during the past five years had made five or six sales of shore property on Buzzard's Bay, and had "property listed with him in the town of Falmouth for sale, some of them located on Buzzard's Bay quite near this property." He further testified that he had conducted a summer rental business for six or seven years and had been interested on a few occasions in appraisals of real estate; that he had looked over the property taken; that his real estate business "has taken him over into Falmouth during the last seven or eight years"; that he has bought and sold real estate on Buzzard's Bay north of the land in question and has sold real estate on the water front of Buzzard's Bay at Cataumet Harbor and Pocasset Harbor; that Cataumet is the next village north of North Falmouth. He also testified to additional transactions in real estate. At the conclusion of his testimony the presiding judge stated that it did not appear that Wing's knowledge of sales in Cataumet Harbor, Wing's Neck and the town of Bourne was sufficiently helpful to warrant the admission of his testimony. To this ruling the respondent excepted.

Whether a witness called as an expert is qualified by knowledge and experience to testify as such is a question of fact to be decided by the presiding judge, and his decision is final unless upon the evidence it is founded on some error of law. *Perkins* v. *Stickney,* 132 Mass. 217. In our opinion the evidence of Wing's qualifications did not warrant the exclusion of his testimony as to the value of the land. In this particular we are unable to distinguish the case from *Muskeget Island Club* v. *Nantucket,* 185 Mass. 303. Wing was in every way qualified to testify as an expert. He lived but a few miles from Falmouth and was in the business of renting, buying and selling real estate in the vicinity and had been so engaged for a number of years. He knew the land in question, and was familiar with sales in the locality. An examination of the evidence tending to show his expert knowledge convinces us that he was competent to testify.

As we construe the record, his testimony of the value of the property was excluded because he was not qualified to testify. This we think was error. The fact that there was no offer of proof of the valuation of the property by Wing does not prevent the sustaining of the respondent's exception to the exclusion of his testimony. *Muskeget Island Club* v. *Nantucket, supra.*

The petitioner was allowed to introduce testimony showing the particular plan of development of the property contemplated. Evidence of the uses to which property may be practically put is admissible, but evidence of the special line of development proposed by the petitioner is too speculative and indefinite to be competent evidence of the present value of the land, *Greenspan* v. *County of Norfolk*, 264 Mass. 9; and although evidence of this character should be excluded, we think there was no error of law in the admission of the evidence in this respect in the case at bar. When it was offered the respondent objected. The judge then stated the correct rule of law, that the proper uses to which the property could be put might be taken into consideration, and the respondent excepted. The judge then said: "I am only allowing uses to which it could be put and that may be one or more." The witness then stated what the plan of the petitioner was. The respondent did not ask to have this answer of the witness stricken out; in these circumstances the exceptions should not be sustained on this ground.

We do not think it necessary to discuss the other objections raised by the respondent.

For the reason that Wing was duly qualified as an expert, the exclusion of his testimony was error and on this ground the exceptions are sustained.

*So ordered.*