Putnam, C. J.
While, in order to make out a prima facie case under the contract counts of her declaration, it was unnecessary for the plaintiff to show that the nail was protruding at the time she bought the shoes (Bruns v. Jordan Marsh Co., Mass. Adv. Shs. (1940) 521), it was open to her to do so. In an attempt to do so she called as an alleged expert witness a man named Wolf, and asked him a hypothetical question containing a recital of certain assumed facts, which concluded with the words whether he had an opinion as to the reason for the nail coming through a felt pad and innersole which were in the shoe. To this the witness answered “Yes.” He was then asked “What would you say was the reason for the nail coming through ?’ ’ On objection the judge excluded this question. The plaintiff then stated that he would offer evidence to prove the facts assumed. The judge stated that he would “accept the assumption” but exclude the question, The report states “Plaintiff’s counsel then asked the court for the reason for the exclusion, but the court declined to state it.” *240 Thereupon the plaintiff claimed a report and made an offer of proof that the witness would testify that the nail was protruding when the shoe was new but that it was covered over by a felt'pad and leather innersole and when the shoe was worn for a while the protruding nail wore through the felt pad and the leather innersole.
The judge having declined to state his reason for the exclusion of the question, this division has no means of knowing what his reason was. It is good practice for a trial judge, when asked, to give his reason for excluding testimony (Fourth National Bank v. Commonwealth, 212 Mass. 66, 69) not only for the enlightenment and guidance of counsel at the trial but for the benefit of any appellate court to which the case may be carried.
The offered evidence was clearly material to the issues being tried; the accuracy of the hypothetical facts embodied in the preliminary question was conceded by the judge; and the subject matter was a proper one for expert testimony. Barrett v. New England Telephone & Telegraph Co., 201 Mass. 117; Sprague v. General Electric Co., 213 Mass. 375.
The defendant argues before us that Wolf was not a properly qualified expert and that that was the reason why the question was excluded. The report contains nothing to indicate that the question of Wolf’s qualifications as an expert was raised at the trial. Even if it is open to the defendant to raise the question here for the first time (see Knight v. Overman Wheel Co., 174 Mass. 455, 465) we are of opinion that, unless the evidence as to qualifications was disbelieved (and that does not appear), the witness Wolf was an expert within the principle laid down in Muskeget Island Club v. Nantucket, 185 Mass. 303, and in Old Silver Beach Corp. v. Falmouth, 266 Mass. 224. He had worked in a ladies’ shoe factory for 32 years, had had a shoe repair *241 shop of his own for two years, and had made ladies ’ shoes and repaired all kinds of ladies’ shoes and knew how they were made.
The exclusion of this question was error and requires a new trial. We do not pass upon the other questions of law raised by the report because they may not be presented again in the same form at the next trial.
New trial ordered.