EL PUEBLO DE PUERTO RICO, representado por su Gobernador, demandante y apelante, *v.* BETTINA, conocida por FRANCISCA LAMBOGLIA BENN; FILOMENA LAMBOGLIA BENN DE SUED; ROSALINA LAMBOGLIA BENN DE ESCALERA; JOSÉ ANTONIO LAMBOGLIA BENN y FRANCISCO LAMBOGLIA BENN, demandados y apelados.

Núm. 10102.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 24, 1950.

*Hon. Procurador General Vicente Géigel Polanco, Carlos J. Faure y Antonio Riera,* abogados del apelante; *F. M. Susoni, Jr., Ernesto Agostini y Pablo Defendini,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1946 El Pueblo de Puerto Rico a nombre de la Autoridad de Tierras radicó una demanda para expropiar 168.2339 cuerdas de terreno para ser distribuídas entre agregados.

812

El demandante estimó que el valor de la propiedad era de $14,466.24, depositando esta suma en la corte de distrito. Celebrado el juicio en los méritos, la corte inferior resolvió que la finca tenía un valor de $24,492.88 al momento de la expropiación, y ordenó al demandante que depositara la suma adicional de $10,026.64 más intereses al 6 por ciento desde la fecha de la expropiación. El Pueblo ha apelado contra esta sentencia señalando tres errores.

■ El primero es que la corte inferior cometió error al admitir como prueba de refutación de los demandados una certificación expedida por el Registrador de la Propiedad referente a la venta de dos parcelas de terreno y al precio pagado por ellas. El apelante alega que tal prueba es admisible solamente si se demuestra que las ventas fueron voluntarias, recientes y de propiedades similares. Además, el Pueblo alega que tanto la escritura, de haberse ésta presentado, como la certificación del Registrador, son prueba de referencia en cuanto al precio de venta, el cual sólo puede demostrarse mediante testimonio de individuos con conocimiento personal de los hechos y que puedan ser contrainterrogados. Suponemos que la certificación fué indebidamente admitida, tanto en cuanto a forma como en cuanto a sustancia, si ésta fué admitida para demostrar ventas voluntarias recientes de propiedades similares en apoyo de la teoría de los demandados en cuanto al valor en el mercado de los terrenos expropiados.(1) Pero eso no fué lo que ocurrió en este caso.

El único testigo del gobierno que declaró en cuanto al valor en el mercado de los terrenos expropiados, dijo en el

(1) Véanse *Pueblo* v. *Carmona, et al.*, ante, pág. 312; *Jones* v. *United States*, 258 U.S. 40, 49; *Ramming Real Estate Co.* v. *United States*, 122 F.2d 892 (C. A. 8, 1941); *Loughran* v. *United States*, 64 F.2d 555 (C. A. D. C., 1933); *United States* v. *Meyer*, 113 F.2d 387 (C.A.7, 1940); *United States* v. *Nickerson*, 2 F.2d 502 (C. A. 1, 1924); Orgel *on Valuation under Eminent Domain*, sección 134 *et seq;* 2 Nichols *on Eminent Domain* (2ª ed.), sección 455 *et seq;* 1 Bonbright, *Valuation of Property*, págs. 136–37; 2 Lewis *on Eminent Domain*, 3ª ed., sección 662 *et seq. Cf. United States* v. *The Toronto, Hamilton and Buffalo Navigation Co.*, 338 U. S. 396.

contrainterrogatorio que para determinar el valor en el mercado, de ordinario él tomaba en consideración ventas recientes de propiedades similares; pero que él había sido informado en el Registro de la Propiedad de Guayama que no se habían inscrito en dicho registro ventas recientes de terrenos situados en la localidad de los expropiados.

En refutación, el abogado de los demandados presentó la certificación en cuestión que demuestra que dos parcelas colindantes con la propiedad expropiada fueron vendidas a ciertos precios específicos en 1941. Cuando el abogado del apelante se opuso a su admisión por los motivos ya expuestos, ocurrió lo siguiente:

"Hon. Juez:

"La situación jurídica creada con motivo de esa evidencia es la siguiente: el último testigo, el perito Olano, declaró que para llegar a la determinación del valor de esta propiedad que resultó ser de 14,000 y pico de dólares, él no tomó en consideración el precio a que se vendieron recientemente propiedades adyacentes toda vez que fué a ver al registro y en esta oficina le informaron que recientemente no había habido compraventa de clase alguna relativa a terrenos adyacentes a la finca objeto de este litigio.

"Lcdo. Navarro:

"Y está en lo cierto porque ésta es una venta de 1941.

"Lcdo. Defendini:

"¿Me permite dos palabras? Si no se nos permite presentar esa evidencia documental, nosotros quedaríamos obligados por la declaración del testigo en el sentido de que en el Registro de la Propiedad no aparece ninguna transacción de compraventa de propiedades en la región donde existe la propiedad que está sujeta a expropiación y eso sería completamente injusto, puesto que nosotros con esa documentación que queremos presentar en evidencia, queremos desvirtuar esa afirmación del testigo que nos perjudica a nosotros puesto que nos obligaría."

Luego la Corte resolvió que "admite esa certificación en evidencia como refutación en cuanto al hecho relatado por el testigo de que no hubo compraventas de fincas adyacentes

recientemente.'' Después de alguna discusión adicional, la corte dijo: ''Pero es que S. S. está pensando que la Corte va a tomar esa evidencia en consideración a los efectos de la valoración de la finca, y es solamente como una refutación a una manifestación de este testigo.'' A lo que replicó el abogado del gobierno: ''Ah, así, en mi opinión no se debería admitir la certificación ésa, Sr. Juez, porque no contradice al testigo.''

Creemos que surge claramente que la corte de distrito no admitió la certificación con el fin de establecer los precios pagados en ventas voluntarias de propiedades similares, hechas recientemente. Por el contrario, después de haber declarado el perito del gobierno al efecto de que no había tomado en consideración tales ventas recientes porque se le había informado que en el Registro no aparecía ninguna, la corte inferior admitió dicha certificación del Registrador únicamente para impugnar la credibilidad del testigo y demostrar que de acuerdo con el Registro en el 1941 se habían efectuado ventas de terrenos colindantes. Por consiguiente la certificación no fué admitida para probar el precio de venta de terrenos colindantes y no podía ser—y presumiblemente no fué—considerada en relación con la cuestión sustantiva del valor en el mercado de la propiedad expropiada. Podría ser peligroso someterle tal certificación a un jurado, que quizá encontrase difícil comprender y cumplir con esta sutil distinción en la ley de evidencia. Pero en un caso visto sin jurado creemos que la certificación del Registrador, ofrecida para impugnar la credibilidad de un testigo y demostrar únicamente que en 1941 se efectuaron ventas de terrenos adyacentes, era admisible para este propósito limitado.

El Pueblo posiblemente podría argüir que aun para impugnar la afirmación de su perito al efecto de que del Registro no surgían ventas recientes, la certificación era inadmisible por el fundamento de que una venta hecha en 1941 no era reciente en lo que se refiere a un pleito de expropia-

ción en 1946.   Pero creemos que bajo las circunstancias, este argumento deberìa dirigirse al peso a darse a la prueba de impugnación, más bien que a su admisibilidad.   Es decir, aun después de haberse admitido la certificación, el gobierno podría alegar, y la corte inferior concluir, que en realidad ésta no impugnó el testimonio hacia el cual se dirigió la misma, ya que una venta hecha en 1941 no era lo suficientemente reciente para justificar la conclusión de que el perito del Pueblo había declarado erróneamente que del Registro no aparecían ventas recientes de terrenos en dicha localidad.(²)

██ Finalmente, aun cuando la corte inferior cometiera error al admitir la certificación, no creemos que éste fuera perjudicial, ya que según indicamos más adelante, la corte inferior en sus conclusiones de hecho descansó enteramente en la declaración del perito de los demandados y aceptó verbatim sus números en cuanto al valor en el mercado, sin darle importancia alguna a la anterior certificación del Registrador o a cualquier otro testimonio.   Véase *Pueblo* v. *Carmona et al.*, ante, pág. 312.   El récord en su totalidad, este incidente según aparece del mismo y las conclusiones de hecho nos convencen de que la corte de distrito no dió valor probatorio alguno a esta certificación.

██ El segundo error también trata de una cuestión de admisión de prueba.   Pedro Nido declaró como perito por los demandados, exponiendo su opinión en detalle en cuanto al valor en el mercado de los terrenos expropiados.   Fué contrainterrogado en cuanto a este punto y abandonó la silla testifical.   Más tarde, fué llamado nuevamente por los demandados y se le preguntó cuál debió haber sido la tasación de esta propiedad hecha por el Federal Land Bank en 1926 de haber éste concedido en esa época un préstamo de $13,000 garan-

---

(²)El Juez Presidente Sr. De Jesús es de opinión que la certificación no era admisible porque la misma no impugnó la afirmación del testigo al efecto de que él había sido informado que no habían habido ventas recientes.   Sin embargo, es de opinión que la admisión de la certificación no constituyó error perjudicial.

tizado con primera hipoteca sobre la referida finca. Su contestación, con la oposición del gobierno, fué que estaba familiarizado con la política del Banco Federal en relación con esta cuestión; que el Banco debe haber tasado esta finca en 1926 en $26,000, ya que concedía préstamos en primera hipoteca para dicha fecha únicamente sobre el 50 por ciento del valor de la propiedad; que las tasaciones del Banco no reflejaban el valor en el mercado, que podía fluctuar de año en año, sino un valor "normal" independientemente del valor en el mercado a la fecha de la tasación; que aun bajo la fórmula del Banco él cree que una tasación en 1926 de $26,000 era muy alta y que debió haber sido $20,000; que desde el 1926 los terrenos en esta localidad han aumentado un 25 por ciento en su valor; y que a la fecha del juicio en 1947 la propiedad tenía un valor en el mercado de $25,000 a $28,000.

Esta prueba era inadmisible. Aparte del hecho de que el récord, hasta donde sepamos, no contiene evidencia de la supuesta tasación del Banco Federal en 1926, ésta no era una *venta* al precio en el mercado sino una *tasación* a los fines de conceder un préstamo, el cual el propio testigo específicamente dijo nada tenía que ver con el valor en el mercado. *Nogueras* v. *Muñoz,* 67 D.P.R. 441, 447. Además, aun cuando fuera una venta al precio en el mercado, era demasiado remota. *Pueblo* v. *Carmona,* supra; casos citados en la nota 1. Tampoco podría sostenerse que una venta remota se torna admisible simplemente diciendo en términos generales que los valores en la localidad han subido un 25 por ciento desde la fecha de la venta. De esta sencilla manera se haría posible presentar todas las ventas efectuadas, no importa cuán remotas sean.

Sin embargo, no podemos concluir que la admisión de esta prueba constituyó error perjudicial. Nido ya había declarado como perito que, basado en su conocimiento personal y en la familiaridad que tenía con estos terrenos y otros similarmente situados y con las condiciones locales, era de opi-

nión ·que la propiedad valía, el día en que declaraba,(³) ciertas cantidades detalladas para varias porciones de la misma.. Y la corte de distrito, aparentemente descartando toda otra prueba, en su relación de hechos hizo constar que le "da entero crédito" a la declaración de Nido y concedía exactamente estas sumas a los demandados. En vista de estas circunstancias, creemos que la regla establecida en el caso de *Carmona* es de aplicación aquí; es decir, si estamos convencidos de que la corte inferior descansó enteramente en evidencia relevante y competente de una naturaleza sustancial que sostenga la concesión, no revocaremos una sentencia en un caso de expropiación aun cuando se hubiera admitido erróneamente otra evidencia que claramente no afectó el resultado.

El tercer error señalado es que la corte inferior cometió error al apreciar la evidencia. Cuanto hemos ya manifestado indica que el récord contiene evidencia sustancial suficiente para basar la sentencia. Quizá tomando como base el récord únicamente, es posible que fuéramos de opinión que la concesión era excesiva. Pero la corte de distrito oyó los testigos. Incumbía a ella, y no a nosotros, determinar cuáles testigos le merecían crédito, en todo o en parte. Véanse *Pueblo* v. *Saldaña,* 69 D.P.R. 711, 722–23 y casos citados; *Pueblo* v. *Anadón,* 69 D.P.R. 822, 827.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.

(³) Desde luego, la fórmula correcta era el valor en el mercado a la fecha de la expropiación (1946) y no a la fecha del juicio (1947). *United States* v. *Miller,* 317 U. S. 369, 374; pero esa cuestión no está ahora ante nos.