Autoridad Sobre Hogares de Puerto Rico, demandante,
apelante y apelada, *v.* Juan Valldejuli Rodríguez, The
Federal Land Bank of Baltimore, Juan Hernández
Ruiz y Juan Rodríguez Barreal, demandados, apelante
el primero, y apelados.

Núm. 10009.—*Sometido:* Abril 19, 1950.   *Resuelto:* Junio 23, 1950.

*Brown, Newson & Córdova,* abogados del demandado, apelante
y apelado; *Rafael B. Pérez Mercado* y *F. Sojo Granado,* abo-
gados de la demandante, apelada y apelante.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tri-
bunal.

La Autoridad sobre Hogares de Puerto Rico radicó en el
Tribunal del Distrito de San Juan una demanda solicitando
la expropiación de 89.22 cuerdas de terreno radicadas en Río
Piedras para la construcción de un Proyecto de Hogares de
baja renta. Alegó la Autoridad que el valor justo de dichas
tierras era de $74,944.80, suma que consignó en la corte
cuando radicó la demanda y la declaración sobre adquisición
y entrega material de propiedad. Diez meses más tarde,
después que se había radicado la contestación a la demanda,
la Autoridad presentó, con permiso de la corte inferior, una
demanda enmendada alegando que las tierras solamente va-
lían $35,689.84. Después de un juicio en los méritos, la corte
de distrito dictó sentencia fijando el valor del terreno en
$78,192, y ambas partes apelaron. Consideraremos primera-
mente la apelación de Juan Valldejuli Rodríguez, dueño de
los terrenos.

El primer error señalado por Valldejuli es que la
corte inferior erró al negarse a admitir evidencia de tres
ventas contemporáneas de supuestos terrenos similares en las
cuales la propia Autoridad era la compradora.

En los Estados Unidos la jurisprudencia está dividida en
cuanto a si evidencia sobre ventas contemporáneas de terre-
nos similares es admisible en evidencia bajo cualquier cir-

cunstancia con respecto al valor razonable de terrenos expropiados. *Annotations*, 118 A.L.R. 869; 174 A.L.R. 386. Hemos seguido la regla de la mayoría al resolver que ventas libres y voluntarias de esa naturaleza son admisibles. *Pueblo* v. *Lamboglia,* 70 D.P.R. 810; *Pueblo* v. *Huyke,* 70 D.P.R. 754; *Pueblo* v. *Carmona,* 70 D.P.R. 312.

Sin embargo, todavía está en pie la cuestión de si compras contemporáneas de terrenos similares por el propio expropiante son admisibles. Esta cuestión la dejamos pendiente en *Pueblo* v. *García,* 66 D.P.R. 504, 509. La mayoría de los casos excluye tal evidencia. La teoría de éstos es que una venta hecha a una entidad que tiene el poder de expropiación es en efecto una venta forzada, que a lo sumo constituye una transacción y por lo tanto no ofrece ninguna pauta al juzgador de los hechos en cuanto al precio a que la propiedad se vendería libremente en un mercado de compradores y vendedores voluntarios. Estos casos dicen que un comprador que tiene el poder para expropiar, podría pagar un precio mayor que el valor de los terrenos en el mercado para evitar gastos; la tardanza e incertidumbre de un procedimiento de expropiación, y que un vendedor también podría aceptar un pago menor para evitar las mismas contingencias. Véanse Annotations, 118 A.L.R. 893; 174 A.L.R. 395.

No podemos aprobar esta regla absoluta de exclusión. Creemos que la regla mejor es la de la minoría, la cual representa la tendencia moderna en los casos. Convenimos que una venta obtenida debido a coacción ejercitada sobre el vendedor por el comprador no es una norma aceptable del justo valor en el mercado. Pero, como dijo Holmes hace mucho tiempo, "No podemos decir, considerando meramente el nombre del comprador, que la venta no fuera un convenio justo en el mercado más bien que una transacción compulsoria." *O'Malley* v. *Commonwealth,* 65 N.E. 30, 31 (Mass., 1902). Por el contrario, cada caso descansa sobre sus propios hechos. Es verdad que tales ventas deben mirarse con más cautela que aquéllas hechas a personas que no tengan la autoridad de

expropiar. Toca a la persona que las ofrece demostrar que fueron hechas libre y voluntariamente, aunque ayudadas por la presunción de que, como otras, no fueron obtenidas mediante coacción. Pero una vez se determina que fueron voluntarias, deben ser consideradas igual que otras ventas; v.g., deben admitirse si se determina que fueron ventas contemporáneas de propiedades similares. Finalmente, para determinar si la venta fué voluntaria, la corte inferior, igual que en la determinación de si la venta fué contemporánea y de propiedades similares, debe ejercitar una sana discreción, que raras veces requiere revocación. *Amory* v. *Commonwealth*, 72 N.E.2d 549, 559–60 (Mass., 1947); *Eames* v. *Southern New Hampshire Hydro–Electric Corp.*, 159 Atl. 128 (N.H., 1932); *Seaboard Air Line Ry.* v. *Chamblin*, 60 S.E. 727 (Va., 1908); Annotation, 118 A.L.R. 869, 893; 174 A.L.R. 386, 395. Véanse *Baetjer* v. *United States*, 143 F.2d 391, 396 (C.C.A. 1, 1944); *Hanson Co.* v. *United States*, 261 U.S. 581, 589.

Para llegar a la conclusión de que tales ventas son admisibles si se determina que fueron voluntarias, hemos tomado en cuenta el hecho de que tal prueba es corrientemente la mejor para determinar el valor real en el mercado. Esto ha quedado plenamente demostrado en el presente caso en el cual la corte inferior, habiendo excluído éstas y otras dos ventas recientes, fué compelida a descansar en cuanto al valor, exclusivamente en la opinión de un perito, que es "a lo mejor, una conjetura de personas informadas". *United States* v. *Miller*, 317 U.S. 369, 375; *Baetjer* v. *United States*, supra, pág. 396; *Epstein* v. *Boston Housing Authority*, 58 N.E.2d 135, 138 (Mass., 1944).

Además, nuestra conclusión está reforzada por otras dos circunstancias. En Puerto Rico el problema de las reglas de exclusión de evidencia es mitigado por el hecho de que los juicios en casos de expropiación se celebran ante tribunal de

derecho más bien que ante jurado. Véase *Pueblo* v. *Lamboglia*, supra. Y aquí el expropiante puede entrar en la posesión inmediata por medio de una declaración sobre adquisición y entrega de propiedad. Estas dos circunstancias no existen en muchas de las jurisdicciones que siguen la regla de la mayoría.

La corte inferior ha debido ejercer su discreción al determinar dos cuestiones: (1) ¿eran éstas, ventas contemporáneas de terrenos similares?; (2) ¿tendió la evidencia a demostrar que la venta hecha al expropiante fué voluntaria? La corte inferior rehusó pasar sobre la segunda cuestión. En vez de eso adoptó la regla absoluta de la exclusión de todas las ventas hechas al expropiante. Esto fué erróneo. Y el error fué perjudicial para el demandado, en vista del hecho de que la compensación prácticamente siguió el testimonio del perito de la Autoridad, cuya opinión en cuanto al valor fué considerablemente más baja que los precios de las ventas que fueron eliminadas. Si estas ventas hubieran sido admitidas en evidencia, podría concebirse que la compensación hubiera sido mayor. Por lo tanto devolveremos el caso a la corte inferior para que, oída la evidencia, se determine si la venta fué voluntaria. Si se determinare que estas ventas fueron voluntarias (y que fueron ventas contemporáneas de terrenos similares), deberán ser admitidas en evidencia y consideradas por la corte inferior.

Los dos restantes errores señalados por Valldejuli son que la corte inferior erró en la apreciación de la prueba (1) al resolver que otras dos ventas ofrecidas en evidencia no eran ventas similares y (2) al decidir la controversia solamente a base del testimonio del perito de la Autoridad. Como el caso está siendo devuelto, dejaremos a la corte inferior la cuestión de si estas dos ventas deben ser consideradas. Indicamos, desde luego, que la norma es que, para ser admitidas en evidencia, la venta tiene que ser de terrenos similares, no iguales. *Pueblo* v. *Carmona*, supra, pág. 317.

■ En su alegato Valldejuli expresa el criterio de que en caso de devolución venimos obligados a enviar el caso al Tribunal del Distrito de San Juan para ulteriores procedimientos. No estamos de acuerdo. El artículo 4 de la Ley núm. 223, Leyes de Puerto Rico, 1948 ((1) pág. 775), dispone el traslado de todos los casos de expropiaciones por las cortes de distrito para ante el Tribunal de Expropiaciones "con excepción de los expedientes en aquellos casos en que ya se haya celebrado la vista de los mismos en su fondo y se hallaren sometidos para decisión y fallo." Pero a menos que las partes convengan lo contrario, nuestra decisión en este caso requiere un nuevo juicio. El caso, por lo tanto, no cae dentro de la excepción transcrita, y debe trasladarse al Tribunal de Expropiaciones para ulteriores procedimientos.

■ La apelación de la Autoridad puede resolverse brevemente. El primer error va dirigido contra la resolución de la corte ordenando a la Autoridad que produzca las escrituras por las cuales adquirió por compra tres parcelas de terreno. Estas escrituras envuelven las ventas que nos han convencido para revocar la sentencia de la corte inferior. La Regla 34 de las de Enjuiciamiento Civil claramente autoriza a la corte de distrito a ordenar a la Autoridad a producir estos documentos públicos para ser examinados por Valldejuli.

El segundo error, que está dividido en varias secciones, va dirigido contra la apreciación de la prueba por la corte inferior. En vista del resultado a que hemos llegado, la prueba tendrá que ser apreciada nuevamente. No creemos conveniente discutir este error.

*La sentencia del Tribunal del Distrito de San Juan será revocada, y el caso devuelto con instrucciones de que sea trasladado al Tribunal de Expropiaciones para ulteriores procedimientos no inconsistentes con esta opinión.*