*Northern District*
No. 6613.

**HERBERT BEARSE**

v.

**LEO J. BARRON**

Argued: Dec. 27, 1967 Decided: March 15, 1968

*Present:* Connolly, J. (Presiding), Parker,
Yesley, J. J.

Case tried to *Brooks, J.* in the First District Court of
Eastern Middlesex. No. 4261 of 1966

*Connolly, J. At the trial of this action of con-tract,* there was evidence tending to show that
the plaintiff, a building contractor of fifteen
years experience in building houses and with
familiarity with charges for plans, entered into
an understanding with the defendant that he
would draw plans of a house for the defendant.
If the house was built by the plaintiff along the
lines of the plans, the cost of the plans would
be absorbed in the costs of the house. If the
house was not built, the defendant was to pay

The house was never built. The only evidence of the cost of the plans, except for the plaintiff's testimony above, was plaintiff's testimony that in his opinion the fair cost of the plans was $200. He said that he procured the services of an architect to draw said plans. He further testified that he was not an architect but rather a contractor. No architect was called to testify relative to the cost of the plans. No figure was included for cost in the written instrument signed by the parties. The defendant testified that at no time had any agreement been reached to pay $200 for the plans.

The defendant seasonably made several requests for rulings including one that read:

> 6. As a matter of law, the plaintiff is not qualified to testify as to the fair and reasonable charge of an architect in the Malden area.

The trial judge denied this request and made the following findings of fact:

> "I find that the plaintiff, a building contractor entered into an understanding with defendant that he would draw plans of a house for defendant. If the house was built by plaintiff along the lines of the plans, the cost of the plans would be absorbed in the costs of the house. If the house was not built, defendant was to pay the costs of the plans — $200.00. Plaintiff drew the plans but the house was not built. I find that the defendant owes the

plaintiff $200.00 with interest. Deft's request # 4 is granted but I do not so find."

The issue for review is whether the judge was in error in denying the request cited above.

The determination that the plaintiff was sufficiently qualified by familiarity and experience to be permitted to testify, was a preliminary question of fact to be decided by the trial judge. His decision was conclusive unless upon the evidence, it was erroneous as a matter of law. *Perkins* v. *Stickney*, 132 Mass. 217, 218. *Commonwealth* v. *Boyle*, 346 Mass. 1, 3.

By reason of having seen and heard the witness, he was in a position to pass upon the credibility of the evidence relating to qualification. *Biancucci* v. *Nigro*, 247 Mass. 40-44.

There may be cases where the decision of the trial judge is plainly erroneous and must be reversed. But such cases are rare. *Old Silver Beach Corp.* v. *Falmouth*, 266 Mass. 224. *Snow* v. *Merchants National Bank*, 309 Mass. 354-362.

We see no error in admitting the testimony in this case. The witness had fifteen years experience in building houses and was familiar with charges for plans. This was more than enough to support the trial judge's finding that the witness qualified as an expert as to the fair and reasonable charge of an architect in the Malden area.

There being no prejudicial error, **the report is dismissed.**

Marvin H. Margolis,
   for the Plaintiff.
Richard Howard,
   for the Defendant.