FINBERG MANUFACTURING CO., INC. *vs.* JOSEPH CARTER. October 14, 1983. *Contract,* Performance and breach. *Evidence,* Expert opinion. *Witness,* Expert. *Practice, Civil,* Instructions to jury, Objections to jury instructions.

The defendant appeals from a judgment entered in the Superior Court as a result of a jury verdict, and contends that several errors were committed during the course of the trial. We affirm the judgment.

1. The judge was correct in denying the defendant's motions for a directed verdict and for judgment notwithstanding the verdict. Mass.R. Civ.P. 50(a), (b), 365 Mass. 814 (1974). The standard governing both motions is the same. *D'Annolfo* v. *Stoneham Housing Authy.,* 375 Mass. 650; 657 (1978). The plaintiff introduced ample evidence with regard to both the written and oral agreements for the jury to conclude that the defendant committed a breach in refusing to pay the agreed price. Although the place of delivery was not specified in the written contract, the parties agreed orally that the silver would be delivered to the plaintiff's place of business and that the defendant would come and get it. The written agreement called for delivery between April 1 and April 14, 1980. There was no requirement in either the written or the oral agreement for additional notice to the defendant. The plaintiff had the silver ready for transfer and delivery between the dates specified in the written agreement, but the defendant made no effort to take delivery of the silver. The jury could consider, in regard to the defendant's conduct, the fact that the price of silver had dropped from $47.80 an ounce, the date the contract was signed, to $14.30 an ounce on April 15, 1980, the date of the breach.

2. The defendant's contentions that the judge erred in permitting the plaintiff to testify as an expert in regard to the silver market and in not

---

allowing a witness called by the defendant to testify as an expert in regard to reasonable commercial practices regarding delivery and shipment of goods are without merit. It is well settled that "[w]hether a witness who is called as an expert has the requisite qualifications and knowledge to enable him to testify, is a preliminary question for the court. The decision of this question is conclusive, unless it appears upon the evidence to have been erroneous, or to have been founded upon some error in law." *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.*, 362 Mass. 306, 309 (1972), quoting from *Perkins* v. *Stickney*, 132 Mass. 217, 218 (1882). Here, the record demonstrates that the plaintiff was suitably qualified to give an expert opinion. The defendant's witness, however, admitted that his business was cosmetics and that he had no experience with business practices in the buying and selling of precious metals, the area in which his opinion was being sought. There was no error.

3. The defendant asserts that the judge erred in not granting some of his requests for jury instructions. The defendant objected by saying: "I think for the record I should put in at the lobby conference the Court indicated what instructions it would give to my requests and not give my requests. I would object and like to place my objection that the Court has now [not] given these requests, those instructions." According to Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Defense counsel made only a general objection to the judge's not giving his requested instructions. Such an objection cannot be sufficient if rule 51 is to serve its purpose. *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977). *Miller* v. *Boston & Me. Corp.*, 8 Mass. App. Ct. 770, 773 (1979). By way of dictum, we note that such of the judge's instructions as have been put before us were clear, concise, and correct as to the law.

4. We have reviewed the other contentions of the defendant, including those with respect to the denial of his motion for a new trial, and find they are without merit.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

*Edward John Mulligan* for the defendant.
*Max Volterra* for the plaintiff.