LILLIAN Y. RUBIN *vs.* TOWN OF ARLINGTON.

Middlesex.    February 7, 1951. — May 9, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Opinion, Of value. *Practice, Civil,* Preliminary question; Exceptions: whether error shown. *Error,* Whether error shown.

Mere ownership of land does not qualify the owner to express an opinion as to its value if he does not have sufficient familiarity with it to form an intelligent opinion.

On the preliminary question whether a witness, not a real estate expert, who was an owner in fact of land held in the name of a straw, was qualified to express an opinion as to the value of the land, no error of law in a decision by the trial judge that he was not qualified appeared on evidence showing merely that he was a resident of a town other than that where the land was located, that he was a college graduate and in business, that he was interested in the land "as a business man" and had had plans drawn for its development for business purposes, and that he had "examined" the land "quite carefully" and "considered all its capabilities and potentialities for future development" and was "familiar with its characteristics."

On the record, an exception to the exclusion of evidence was overruled where there was a tenable ground for its exclusion, even if its exclusion would not have been justified on a different ground taken by counsel in objecting to its admission.

PETITION for assessment of damages, filed in the Superior Court on November 16, 1946.

The case was tried before *Leary*, J.

*F. P. Garland*, for the petitioner.

*N. B. Bidwell*, (*R. T. Hamlet* with him), for the respondent.

WILLIAMS, J. The petitioner had a verdict assessing her damage caused by the taking of her land for "public improvement" by the town of Arlington. Her exception to the exclusion of certain testimony offered by her as to the value of the land is before us. The taking was made on July 15, 1946. The land had been purchased by Robert P. Cable, Frank Leeder, and A. Alfred Franks on January 31, 1946, subject to a first mortgage, and the title taken in the name of one Johnson, a straw. Johnson gave a second mortgage to the three purchasers "without the payment of money" and then conveyed the property to the petitioner, who was also a straw. At the trial A. Alfred Franks was called as a witness by the petitioner and was asked what, in his opinion, was the fair market value of the land on July 15, 1946. Counsel for the respondent objected "on the ground that the witness was not the owner and was not qualified as an expert to express an opinion." The judge excluded the question, subject to the petitioner's exception. The witness had previously testified that he lived in Brookline; that he was a graduate of Massachusetts Institute of Technology; that he attended Harvard Business School for one year; that he was in the clothing business; that he was interested in the land "as a business man"; that after purchasing the land he and his associates had plans drawn "for the development of this property for business purpose"; that he "examined . . . [the property] quite carefully, and considered all its capabilities and potentialities for future development"; and that he was "familiar with its characteristics."

It is the contention of the petitioner that the witness although not an expert was one of the owners and as such should have been permitted to testify. In *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503, after a full discussion

of the principle involved, it was stated, "The rule which permits the owner of real or personal property to testify as to its value does not rest upon the fact that he holds the legal title. The mere holding of the title to property by one who knows nothing about it and perhaps has never even seen it does not rationally and logically give him any qualification to express an opinion as to its value. Ordinarily an owner of property is actually familiar with its characteristics, has some acquaintance with its uses actual and potential and has had experience in dealing with it. It is this familiarity, knowledge and experience, not the holding of the title, which qualify him to testify as to its value." Consideration was given in the opinion to *Wooley* v. *Fall River*, 220 Mass. 584, 589, and *Meyer* v. *Adams Express Co.* 240 Mass. 94, 95, cases upon which the petitioner relies. See also *Patch* v. *Boston*, 146 Mass. 52, 57; *Lincoln* v. *Commonwealth*, 164 Mass. 368, 380; *Shea* v. *Hudson*, 165 Mass. 43; *Maher* v. *Commonwealth*, 291 Mass. 343, 348; *Davenport* v. *Haskell*, 293 Mass. 454; *Ryder* v. *Lexington*, 303 Mass. 281, 291.

Whether in the instant case the witness was sufficiently qualified by familiarity, knowledge and experience to be permitted to testify, was a preliminary question of fact to be decided by the trial judge. *Flint* v. *Flint*, 6 Allen, 34, 36–37. *Nunes* v. *Perry*, 113 Mass. 274, 276. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 137. *Perkins* v. *Stickney*, 132 Mass. 217, 218. His decision was conclusive unless upon the evidence it was erroneous as matter of law. *Commonwealth* v. *Sturtivant, supra. Perkins* v. *Stickney, supra. Ames* v. *New York, New Haven & Hartford Railroad*, 221 Mass. 304, 306. By reason of having seen and heard the witness he was in a position to pass upon the credibility of the evidence relating to qualification. *Foster* v. *Mackay*, 7 Met. 531, 538. *Biancucci* v. *Nigro*, 247 Mass. 40, 44. There may be cases where the decision of the trial judge is plainly erroneous and must be reversed. *Commonwealth* v. *Spencer*, 212 Mass. 438, 448. See *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303; *Old Silver Beach Corp.* v.

*Falmouth,* 266 Mass. 224. But such cases are rare. *Corrao*
v. *Sears, Roebuck & Co.* 298 Mass. 23, 26. *Langis* v. *Danforth,* 308 Mass. 508, 510. *Snow* v. *Merchants National
Bank,* 309 Mass. 354, 362. In the present case there appears
to have been no error in excluding the testimony. The
witness possessed none of the qualifications suggested in
*Swan* v. *County of Middlesex,* 101 Mass. 173, 177, where the
rule was stated which permits one who is acquainted with
property to give a nonexpert opinion as to its value. The
witness lived in Brookline. He had no official connection
with Arlington which would give him a knowledge of real
estate values in that town. He had no knowledge of the
prices at which similar property in the vicinity had sold.
He had no general knowledge of real estate values. The
evidence as to his familiarity and acquaintance with the
property falls far short of that which in the cases above
cited was deemed sufficient to warrant the reversal of the
preliminary finding of the judge.

The petitioner also contends that, because the respondent's
objections were stated to be on the grounds that the witness
was not an owner and was not qualified as an expert, the
exclusion of his testimony amounted to a ruling that the
witness was not an owner of the land in question. We should
need clearer evidence than that which is disclosed by the
record to sustain this contention. As stated above, the
admissibility of an owner's testimony as to the value of
property does not depend upon the fact that the witness
was an owner. It is not to be assumed that the judge excluded the offered testimony because of a misconception
of the law since it appears that a tenable reason for its
exclusion existed. The judge was not bound by the grounds
stated by objecting counsel. See Wigmore on Evidence
(3d ed.) § 18, page 342. On appeal his exclusion of the
testimony is to be sustained if it can be supported on any
legal ground. *Bristol* v. *Noyes,* 106 Vt. 418, 422. *Eschbach*
v. *Hurtt,* 47 Md. 61, 66. *Eckman* v. *Funderburg,* 183 Ind.
208, 210.                                     *Exceptions overruled.*