HANNAH A. BUCKLEY *vs.* JANET WHITE & another. February 27, 1952. Decree affirmed. The plaintiff brought this bill to establish her title to an automobile, to obtain possession of it from the defendants, and to have damages assessed for the period of time during which the automobile was detained by the defendants. There is a report of material facts by the judge, and the evidence is reported. The findings need not be set forth in detail. For present purposes it is enough to say that they establish that at all times here material the plaintiff had the title to the automobile and the right to possession thereof; that at the time of the hearing it was in the possession of the defendant Booker; and that prior thereto the latter had acquired possession of it by means of a purported sale from his sister, the defendant White, who had no authority to dispose of it as Booker well knew. The judge ordered Booker to deliver

possession of the automobile to the plaintiff, and to relinquish to her all of his right, title and interest in the same. From a decree entered accordingly the plaintiff appealed. There was no error. The plaintiff takes the position that since the defendants had converted the automobile in question she should have been awarded damages for the loss of use of the automobile during the period of its unlawful detention and also the value of the property at the time of the conversion less its value at the time of its return to the plaintiff. We agree that the facts show a conversion of the property by the defendants. And we assume for present purposes that the plaintiff would be entitled to damages of the sort now sought, if there was evidence to support such an award. See *Jackson* v. *Innes*, 231 Mass. 558. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries, Inc.* 287 Mass. 357, 361. But there was no evidence in the case that would afford a basis for an award of damages. If the plaintiff desired to have damages included in the decree, it was incumbent upon her to prove them. This she failed to do. The decree entered below was the only one the judge could have made on the evidence. See *Driscoll* v. *Bunar, ante*, 398, 403. "Equity pays no attention to nominal damages." *Fred T. Ley & Co. Inc.* v. *Sagalyn*, 302 Mass. 488, 495.

*S. Davison*, for the plaintiff.

No argument nor brief for the defendants.