WINTHROP PRODUCTS CORPORATION *vs.* ELROTH COMPANY, INC.

Franklin.    December 7, 1953. — January 27, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence,* Of value, Opinion. *Practice, Civil,* Preliminary question. *Corporation,* Officers and agents.

A judge who admitted in evidence the opinion of an officer of a corporation as to the value of personal property owned by it was in error in failing to determine himself and in leaving to the jury the preliminary question whether the officer had knowledge which in fact qualified him to express such opinion.

TORT. Writ in the Superior Court dated December 31, 1948.

The defendant alleged exceptions following trial before *Broadhurst,* J.

*Charles S. Walkup, Jr.,* for the defendant.

*Arthur W. Cook & Robert H. Doran,* for the plaintiff, submitted a brief.

WILKINS, J. In this action for the conversion of thirty-seven items of personal property, the jury returned a verdict for the plaintiff in the amount of $9,350.19. The only evidence of value came from one Fein, the president of the plaintiff, which conducted a wood working plant at Turners Falls in a building owned by the defendant to which it was indebted for rent. One issue at the trial was whether the defendant converted the plaintiff's property in the defendant's building on April 28, 1948, by an attachment made on a writ which was never entered.

Fein, called as a witness by the plaintiff, testified that he lived in New York; that on April 28, 1948, he was in New York and was informed by telephone by the plaintiff's foreman that a writ of attachment had been served; that he came to Turners Falls early in June, entered the plant, and made an inventory of everything in it; and that he found all the articles listed in the declaration except a linoleum cutting table and 797 gross of number 7 screws.[1] "I only found a small portion of that although I knew it had been intact originally." He testified that all the items were in the plant when he was there the week before April 28; and that he had an opinion as to the fair market value of the items on that date.

The following colloquy occurred. "Q. What is your opinion? COUNSEL FOR THE DEFENDANT: I object. THE JUDGE: Well, this is a corporation. It can have no knowledge except what its agents have. The fair value of the property owned by a corporation can be testified to by an officer who has knowledge of what that property was, I think. He said he was familiar with this property. He said he saw it. Q. Will you give us your opinion as to the value? COUNSEL FOR THE DEFENDANT: Has your Honor ruled that he may answer, that he is qualified? THE JUDGE: Yes. COUNSEL FOR THE DEFENDANT: I haven't heard — THE JUDGE: Not as an expert, no, but as an officer of the corporation. COUNSEL FOR THE DEFENDANT: Well, I don't think a mere officer of a corporation has a right to testify as to that. THE JUDGE: Not any mere officer, no, but some officers can. COUNSEL FOR THE DEFENDANT: You have got to find, haven't you, that they have knowledge, expert knowledge, really, of value? THE JUDGE: Yes. COUNSEL FOR THE DEFENDANT: Does your Honor find that there is evidence here of expert knowledge? THE JUDGE: I am not making any finding about it. The jury will make the findings. All I am saying is that with what he said about his connection with the company, I think he may testify

---

[1] These items were valued in the declaration at $125 and $239.12 respectively.

to an opinion of the value of these articles. COUNSEL FOR THE DEFENDANT: And will your Honor note my exception? THE JUDGE: Yes. Q. What in your opinion was the value? A. $32,976.12." This was the total amount given in the declaration.

Fein then testified that he purchased the items listed in the account annexed to the declaration. Later the judge said: "On the basis of this witness's testimony just before recess about his being the one who bought all this property and his knowledge of it on that ground, I shall leave it to the jury to determine whether he is an expert and whether his opinion as to its value is that of an expert, too." To this ruling the defendant excepted.

In the charge the judge said that, with respect to the converted property, Fein "testified as an officer of the corporation as to an opinion of its value, and he also said that he had bought all of these articles himself and he knew their value, and he testified to an opinion as sort of an expert. Whether he is an expert or not is for you to say, but that is what he has testified to."

The rule which permits an individual owner to testify to the value of real or personal property does not rest upon his holding the legal title, but is based upon his familiarity with the characteristics of the property, his knowledge or acquaintance with its uses, and his experience in dealing with it. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503. Whether such a witness is qualified is a preliminary question of fact to be decided by the trial judge. *Rubin* v. *Arlington,* 327 Mass. 382, 384.

When the question relates to similar testimony by an officer of a corporation, the mere holding of office, as the judge correctly stated in admitting the testimony, is not enough, but the officer must have knowledge which in fact qualifies him. *Chicago & Erie Railroad* v. *Ohio City Lumber Co.* 214 Fed. 751, 754 (C. C. A. 6). *Travelers Indemnity Co.* v. *Plymouth Box & Panel Co.* 99 Fed. (2d) 218, 223. *In re Re-Bo Manuf. Co. Inc.* 90 Fed. Sup. 388 (D. C. S. D. N. Y.). *In re Appeal of Dubuque-Wisconsin Bridge Co.*

237 Iowa, 1314, 1320. *Omaha Loan & Trust Co.* v. *County of Douglas,* 62 Neb. 1, 6–7. *Hellstrom* v. *First Guaranty Bank,* 54 N. D. 322, 334. 5 A. L. R. 1171. 45 A. L. R. 1494. Whether a corporate officer has such knowledge is a preliminary question of fact for the judge. While the judge here at first stated that this was the proper procedure, his statements in admitting the evidence, in subsequently commenting upon it after the witness testified that he had purchased the property, and in the charge, show that he made no preliminary finding but left the whole matter to the jury. In this there was error. *Gorton* v. *Hadsell,* 9 Cush. 508, 511. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 137. *Perkins* v. *Stickney,* 132 Mass. 217, 218. *Coghlan* v. *White,* 236 Mass. 165, 167–169.

We do not think it would be helpful to discuss the other exceptions. The evidence at another trial may be somewhat different. Should the case come before us again, we could be greatly aided by a fuller reference to the printed record for facts and evidence relied on. Rule 15 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 699.

*Exceptions sustained.*