*Southern District*

**ARNOLD HAMILTON**
v.
**HENRY BROWN, JR.**

*Present:* Nash, P. J., Welch & Callan, JJ.

Case tried to *Viola, J.,* in the District Court of Eastern Norfolk. No. 7179.

*Welch, J.* This is an action of tort in which the plaintiff seeks to recover in Count 2 for damage to his automobile caused by the negligence of the defendant. The only issue is the action of the trial judge in allowing the plaintiff, owner of the vehicle, to testify as to its fair market value before and after the accident.

The plaintiff in direct examination, after he had described the motor vehicle as a 1951 Nash sedan, was asked his opinion of its fair market value before the accident. The question, on objection by the defendant, was excluded. He was then asked "When did you buy the car, how long have you owned it?" He answered "About a year and a half. I bought (or got) it used."

He was then asked "Have you an opinion of the fair market value of your car before the accident?" The defendant objected, his objection was overruled, and the witness testified as to his opinion. The witness then was asked his opinion of its value after the accident. Over objection he was allowed to answer and the defendant duly requested a report.

We think there was no error.

"The rule which permits the owner of real or personal property to testify as to its value does not rest upon the fact that he holds the legal title. The mere holding of the title to property by one who knows nothing about it

and perhaps has never seen it does not rationally and logically give him any qualification to express an opinion as to its value. Ordinarily an owner of property is actually familiar with its characteristics, has some acquaintance with its uses actual and potential and has had some experience in dealing with it. It is this familiarity, knowledge and experience, not the holding of title, which qualify him to testify as to its value." *Menici v. Orton Crane and Shovel Co.*, 285 Mass. 499, 503.

"Whether the witness was sufficiently qualified by familiarity, knowledge and experience to be permitted to testify, was a preliminary question of fact to be decided by the trial judge. . . . His decision was conclusive unless upon the evidence it was erroneous as a matter of law. By reason of having seen and heard the witness he was in a position to pass upon the credibility of the evidence relating to qualification. There may be cases where the decision of the trial judge is plainly erroneous and must be reversed. . . . But such cases are rare." . . . *Rubin v. Arlington,* 327 Mass. 382, 384, 385.

The plaintiff testified that he bought (or got) the 1951 Nash sedan and owned it for about a year and a half. The judge could fairly draw the inference that in that period he became familiar with its characteristics, had some acquaintance with its uses, actual and potential, and had some experience in dealing with it. The judge's finding that he

was qualified to testify as to its value is not erroneous as a matter of law.

The report is dismissed.

George F. Himmel, of Boston, for the Plaintiff cited *Willey v. Cafrella,* 336 Mass. 623, 624; *Meyer v. Adams Ex. Co.,* 240 Mass. 94, 95; *Jackson v. Innes,* 231 Mass. 558, 561; *Shea v. Hudson,* 165 Mass. 43, 44.

G. W. Stuart, of Boston, for the Defendant cited *Rubin v. Arlington,* 327 Mass. 382; *Ames v. NY, NH & H RR,* 221 Mass. 304-6; *Foster v. McKay,* 7 Met. 531, 537; *Hassey v. Boston,* 228 Mass. 516; *C. v. Sturtivant,* 269 Mass. 401, 409; *Cushman v. B.W. & N.Y. St. Ry.,* 319 Mass. 177; *Smith Beverages, Inc. v. Metropolitan Casualty Co.,* 337 Mass. 270, 273; *Winthrop Products Corp. v. Elroth Co., Inc.,* 331 Mass. 83, 85; *Murphy v. Hanright,* 238 Mass. 200, 206.