NANCY C. MCCORMICK & others[1] *vs.* THE TRAVELERS
INDEMNITY COMPANY.

Plymouth.   March 19, 1986 — August 8, 1986.

Present: PERRETTA, DREBEN, & SMITH, JJ.

*Evidence,* Value.   *Insurance,* Water damage, Wind damage, Amount of
recovery for loss.

At the trial of an action against an insurance company to recover on a policy
insuring the plaintiffs against wind damage to their house, the evidence
provided a sufficient basis from which the jury could ascertain the amount
of the plaintiffs' loss. [637-638]

In an action against an insurance company to recover on a policy insuring
the plaintiffs against wind damage to their house, the defendant was not
entitled to have the plaintiffs' judgment reduced by the amount paid
them under other insurance coverage limited to water damage, where
the plaintiffs' total recovery did not exceed their loss, where the defendant
made no showing that the jury's verdict had been based in any part on
water damage, and where the policy language made clear that the two
policies in question insured against different risks, thereby precluding
any proration of the plaintiffs' loss. [638-640]

CIVIL ACTION commenced in the Superior Court Department
on February 4, 1980.

The case was tried before *Allan M. Hale,* J.

*John P. Linehan* for the defendant.

*Edward P. Ryan* for the plaintiffs.

PERRETTA, J.   During the so-called "Blizzard of '78," the
plaintiffs' house on Surfside Road in Scituate was damaged to
such an extent that the structure was soon thereafter condemned
by local officials and razed. The plaintiffs received $35,000
for flood damage on an insurance policy they had with the
National Flood Insurance Program of the Federal Insurance

---

[1] Sally A. McCormick and Lynne E. Layman.

Administration (NFIP). They also had an insurance contract with the defendant which insured them against damage caused by windstorms but which specifically excluded coverage for damage from water, even if driven by wind. Based upon that exclusion, the defendant denied liability on the policy. At trial on the plaintiffs' complaint, they contended that the damages for which they sought indemnification were caused by winds, and the defendant argued that water was the cause. The jury returned a verdict for the plaintiffs in the amount of $80,000, and judgment entered. The defendant sought to have the judgment reduced by the amount paid to the plaintiffs by NFIP, $35,000, but the trial judge concluded that because the two policies insured against different risks, the defendant was not entitled to proration. On appeal, the defendant argues that the judgment must be set aside as it is unsupported by sufficient evidence or, if not aside, at least reduced, as otherwise the plaintiffs will recover more than their actual loss. We affirm.

1. *Sufficiency of the evidence.* In arguing that the judgment must be set aside for lack of evidentiary support, the defendant claims that the fair market value of the property after the blizzard cannot be ascertained from the evidence. We do not agree.

The plaintiff Nancy C. McCormick testified that in her opinion the fair market value of her property before the blizzard was $135,000. Objections to this testimony were lodged by the defendant, but we see no error in its admission. Her opinion was based upon her years of residency and employment in Scituate, her acquaintanceship with her neighbors and conversations with them just prior to the blizzard concerning selling her property, and her knowledge of other property sales and listed prices of real estate in her neighborhood. This testimony was preceded by an instruction to the jury explaining the difference between expert and lay opinion testimony, the need for a demonstration by the lay witness of familiarity with the property, and the weight that the jury could give to such evidence. See *Southwick* v. *Massachusetts Turnpike Authy.*, 339 Mass. 666, 668-669 (1959). See also Liacos, Massachusetts Evidence 118-119 (5th ed. 1981 & Supp. 1985).

There also was evidence to show that, in 1978, the assessed value of the land in Scituate was fifteen percent of the total assessed valuation (land and structure). When this evidence is considered along with the testimony as to the fair market value of the property before the blizzard and the condemnation and razing of the structure thereafter, we think that the jury had a sufficient basis from which the plaintiffs' loss could be ascertained. See *Agoos Leather Cos.* v. *American & Foreign Ins. Co.,* 342 Mass. 603, 607-610 (1961).

2. *Excessive indemnification.* Construing the jury's verdict ($80,000) as a determination of the amount of the plaintiffs' total loss rather than as a finding of the amount of the defendant's liability on its policy, the defendant claims that, unless the judgment is reduced by the amount paid by NFIP, the plaintiffs will recover more than what they lost. The existence of two policies does not give them the right to recover in excess of their loss. See *Kingsley* v. *Spofford,* 298 Mass. 469, 475 (1937), quoting from *Tabbut* v. *American Ins. Co.,* 185 Mass. 419, 421 (1904) ("A contract for insurance against fire . . . is a contract of indemnity, and the assured is only entitled to be put in the same condition pecuniarily that he would have been in if there had been no fire").

In the first instance, the record contradicts the defendant's interpretation of the jury's verdict. There was evidence to show that the plaintiffs' actual loss was eighty-five percent of $135,000. The question for the jury to determine was the amount of the defendant's liability, or put another way, how much of the total damage was caused by winds. The jury knew that the plaintiffs had recovered $35,000 from NFIP on account of flood damage; the jury had before them the defendant's policy and, hence, the terms of the exclusion as well as the coverage; and the jury heard evidence that the structure was damaged by water and winds. If special questions pursuant to Mass.R.Civ.P. 49, 365 Mass. 812 (1974), were put to the jury on the issue of how much of the plaintiffs' loss was the result of water damage and how much was caused by wind, such special questions do not appear in the record appendix; nor do the trial judge's instructions to the jury. In short, the defendant

has made no showing before us that the jury's verdict is based in any way upon water rather than wind damage.

By the very language of its policy the defendant is not entitled to proration. Those perils insured against under the terms of the defendant's policy include windstorms but exclude losses resulting from damage caused by water, "whether driven by wind or not." The policy with NFIP, on the other hand, was limited to losses from flood water damage. Hence, the two policies insured against different risks. The "Pro rata liability" clause of the defendant's policy provides that it "shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against *the peril* involved" (emphasis supplied), that is, windstorms. The "Other Insurance" clause of the defendant's policy limits the proration provision to those situations where the damage is the result of a peril or perils included in the coverage of both the defendant's policy and any other policy that the insured may have.[2]

"To constitute other insurance which will permit proration of a loss, the policies must cover the same risk." 6 Appleman, Insurance Law and Practice § 3907 (rev. ed. 1972). See also 16 Rhodes, Couch's Cyclopedia of Insurance Law § 62:93 (2d ed. rev. 1983) ("It is generally held that in order for a proportionate recovery clause to operate in the insurer's favor, there must, under the policies, be both an identity of the insured interest and an identity of risk; and the requirement with respect

---

[2] That clause, "Other Insurance," reads in pertinent part:

"The Company shall not be liable for a greater proportion of any loss from *any peril or perils* included in this policy than (1) the applicable limit of liability under this policy bears to the whole amount of . . . insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other ·. . . insurance covers against the *additional* peril or perils insured hereunder, nor (2) *for a greater proportion of any loss than the applicable limit of liability under this policy* bears to all insurance whether collectible or not, covering in any manner such loss, or which would have covered such loss except for the existence of this insurance" (emphasis supplied).

to identity of risk is not obviated by the fact that the apportionment clause refers to other insurance 'whether concurrent or not'").

In view of the language of the defendant's policy, the absence of any indication that the jury verdict is based in any part on water damage, and the established fact that the plaintiffs' total recovery does not exceed their actual loss, we see no error in the trial judge's refusal to reduce the judgment by the amount received by the plaintiffs from NFIP.

*Judgment affirmed.*