BLAIS-PORTER, INC. *vs.* ANTHONY C. SIMBOLI.

Middlesex. January 6, 1988. — April 21, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Evidence*, Value, Opinion, Competency. *Practice, Civil*, Motion to strike, Directed verdict. ·

At the trial of an action by a corporation seeking damages for alleged conversion of certain property, the judge, acting as the finder of fact on the preliminary issue of a witness's competence, was warranted in concluding that the witness, an officer of the plaintiff corporation, lacked sufficient familiarity and knowledge concerning the condition of the property to qualify him to testify as to its fair market value at the time of the alleged conversion. [272-273]

Where, at the trial of an action seeking damages for the alleged conversion of certain property, the plaintiff's only evidence as to its fair market value was struck, and the plaintiff thereafter offered no other evidence of substantial damages nor asserted any entitlement to nominal damages, the plaintiff could not challenge on appeal the judge's direction of a verdict in favor of the defendant. [274]

CIVIL ACTION commenced in the Superior Court Department on June 12, 1978.

The case was tried before *Suzanne V. DelVecchio*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William H. Shaughnessy* for the plaintiff.

*Harry L. Manion, III* (*Edward Cooley* with him) for the defendant.

ABRAMS, J. In this appeal, the plaintiff alleges that the Superior Court judge improperly struck the opinion of a corporate officer as to the fair market value of automobile parts and equipment owned by the corporation, and also erred in granting the defendant's motion for directed verdict. See Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974). We transferred the appeal to this court on our own motion. We affirm the rulings of the trial judge.

We summarize the facts. The plaintiff, Blais-Porter, Inc., a former automobile dealership in Reading, ceased doing business in 1976. The defendant, Anthony C. Simboli, owner of a chain of convenience stores, inquired in 1976 about purchasing the real estate where the dealership operated. When he made these inquiries, he learned that William Blais was the owner of the real estate and sole stockholder of the automobile dealership.

After lengthy negotiations between the defendant and the plaintiff's attorney, John Blais, William's brother, the parties entered into a final purchase and sale agreement in November of 1977. The agreement specified that the sale included all buildings, structures, improvements and fixtures. The fixtures were specified in detail in the agreement. The agreement also contained a space where items of personal property could be excluded from the sale, but that space was left blank.

Spare automobile parts and repair equipment from the old dealership remained in the dealership building when the property was conveyed to the defendant on February 6, 1978. The building was boarded up for approximately seventeen months prior to February 6, 1978. During those months, vandals broke into the building at least twice. The plaintiff's insurance on the building and its contents had been cancelled in July of 1976. On acquiring the premises, the defendant removed all the automobile parts and equipment from the building. The plaintiff thereafter brought the present action, alleging that the defendant wrongfully converted the parts and equipment.

The only evidence of the fair market value of the parts and equipment when allegedly converted by the defendant was the opinion of William Blais. The defendant objected to Blais's opinion testimony on the ground that, although Blais's corporation had owned the parts and equipment, Blais lacked sufficient knowledge of and familiarity with the items in the building in 1978, as well as their condition at that time, to be qualified to express an opinion as to their fair market value.

The judge sustained the defendant's repeated objections and refused to allow Blais to offer an opinion as to the fair market value until a proper foundation had been laid to establish Blais's

familiarity with the parts and equipment at the time of the conveyance. Blais then said that he had visited the former dealership building "quite frequently" in the three-month period prior to the conveyance. He said that he was at the dealership a day or two preceding the conveyance, and that he had made extensive observations concerning the nature, extent, and condition of the equipment and parts. Blais said that much of the property was in good condition. Based on this testimony, the judge permitted Blais to express an opinion as to the fair market value of the parts and equipment. In Blais's opinion, the property was worth $121,903 on the date of the conveyance.

On cross-examination, the defendant impeached Blais's foundation testimony and undercut Blais's competence to express an opinion as to the value of the allegedly converted property. The defendant introduced a deposition of Blais, taken in 1981, in which Blais said that he did not visit the dealership at all in 1978, and visited it only two or three times in 1977. In the same deposition Blais admitted that he had not gone into the "parts room" where much of the disputed property was stored — at all in 1977 or 1978. The defendant also introduced Blais's testimony, given in an unrelated action, where Blais stated, under oath on January 9, 1978, that he did not know whether the dealership inventory was intact, because someone broke into the dealership building on the previous evening.

After exposing these serious discrepancies in Blais's foundation testimony, the defendant moved to strike Blais's opinion testimony as to fair market value of the parts and equipment on the ground that Blais was not qualified to express such an opinion. The judge deferred ruling on the motion to strike until the conclusion of Blais's testimony. At the conclusion of Blais's testimony, the defendant renewed his motion to strike, and the judge again deferred ruling on it. After the plaintiff rested, the judge granted the motion to strike. In granting the motion, the judge found that Blais had not visited the building for at least six weeks prior to the conveyance and that "he did not have an opportunity to observe whether those parts were there or not." The judge concluded that Blais lacked sufficient knowledge of the parts and equipment in the building to express an

opinion as to their fair market value at the time of the conveyance.[1]

After the judge granted the motion to strike Blais's opinion testimony, the plaintiff requested that the case be terminated so that an immediate appeal could be taken. The judge conferred with the parties regarding this request, and the parties agreed that a directed verdict would allow the plaintiff the most expeditious appeal. The defendant then moved for a directed verdict on the ground that the plaintiff had failed to produce any evidence on the element of damages and, accordingly, had not met its burden of proof. The plantiff offered no objection and did not oppose the defendant's motion. The judge granted the motion.

On appeal, the plaintiff argues that it was error for the judge to strike Blais's opinion testimony, because the issue whether Blais was familiar enough with the parts and equipment to assess their fair market value was a question of credibility for the jury, not the judge. The plaintiff also argues that the judge erred in granting the defendant's motion for a directed verdict. We do not agree.[2]

1. *Motion to strike.* "The rule which permits an individual owner to testify to the value of real or personal property does not rest upon his holding the legal title, but is based upon his familiarity with the characteristics of the property, his knowledge or acquaintance with its uses, and his experience in dealing with it." *Winthrop Prods. Corp.* v. *Elroth Co.*, 331 Mass. 83, 85 (1954), citing *Menici* v. *Orton Crane & Shovel Co.*, 285

---

[1] The judge found that Blais, who was active in the dealership when several large pieces of equipment were purchased, was competent to testify as to the value of those pieces when they were new, and allowed Blais's testimony regarding the purchase price of that equipment. However, the judge allowed this testimony with the condition that the jury be instructed that Blais had not had an opportunity to observe whether the equipment was intact in February of 1978. The judge ruled that the jury had to decide whether the equipment was in the building at the time of conveyance. The judge excluded Blais's opinion as to the fair market value of this equipment as of the date of the conveyance.

[2] The plaintiff raises several other evidentiary issues which do not bear on the directed verdict. We need not reach these issues because of our conclusion that the judge's grant of a directed verdict was proper.

Mass. 499, 503 (1934). The same rule applies to corporate officers testifying as to value of corporate property. *Winthrop Prods. Corp., supra* at 85-86.

Whether a witness is qualified to give an opinion as to value is a preliminary question of fact to be decided by the trial judge. *Id.* at 85. *Rubin* v. *Arlington*, 327 Mass. 382, 384 (1951). It is error for the judge to leave the issue of a witness's qualification to the jury. *Winthrop Prods. Corp.* v. *Elroth Co., supra* at 86. *Turner* v. *Leonard*, 17 Mass. App. Ct. 909, 910-911 (1983). In assessing a witness's familiarity, knowledge, and experience, the judge, who is "in a position to pass upon the credibility of the evidence relating to qualification," *Rubin* v. *Arlington, supra*, may consider the credibility of the witness. *Biancucci* v. *Nigro*, 247 Mass. 40, 44 (1923). See *Rubin* v. *Arlington, supra*. The judge's finding will not be disturbed on appeal "unless upon the evidence it [is] erroneous as matter of law." *Larabee* v. *Potvin Lumber Co.*, 390 Mass. 636, 643 (1983), quoting *Rubin* v. *Arlington, supra*.

Blais's prior inconsistent statements severely undermined his foundation testimony and his competence to express an opinion as to the value of the allegedly converted items. The judge, acting as finder of fact on the preliminary issue of competence of the witness, properly exercised her discretion in choosing to give credence to Blais's earlier sworn statements. The judge specifically disbelieved Blais's testimony that he visited the premises one or two days before the conveyance and concluded that Blais had not visited the premises for at least six weeks prior to the conveyance. The judge determined that Blais lacked familiarity and knowledge concerning the condition of the parts and equipment. Thus, the judge did not err in concluding that Blais was not qualified to express an opinion as to the fair market value of the parts and equipment allegedly converted.[3]

---

[3] The plaintiff's contention that the defendant's motion to strike was untimely, is unfounded. The defendant objected to Blais's offer of an opinion regarding value, and preserved a general objection to Blais's competence before Blais established the foundation to give opinion testimony. The fact that the motion to strike was not brought until cross-examination does not

2. *Directed verdict.* "[T]he question presented by the motion [for a directed verdict] was not the weight of the evidence but whether there was any evidence viewed in the light most favorable to the plaintiff that would support [the] cause of action." *O'Malley* v. *R. Zoppo Co.*, 362 Mass. 568, 569-570 (1972). *Calderone* v. *Wright*, 360 Mass. 174 (1971). *Howes* v. *Kelman*, 326 Mass. 696, 697 (1951). Once Blais's testimony as to the fair market value of the parts and equipment was struck, there was no evidence of substantial damages, an essential element for the plaintiff to prove in an action for conversion. *Buckley* v. *White*, 328 Mass. 653, 654 (1952). See *Jackson* v. *Innes*, 231 Mass. 558, 560-561 (1919). The plaintiff could have introduced other evidence of substantial damages, but chose not to. Nor did the plaintiff assert any entitlement to nominal damages. See *Lakian* v. *Globe Newspaper Co.*, 399 Mass. 379, 382-383 (1987). Instead, the plaintiff requested an immediate appeal and, accordingly, agreed to the entry of a directed verdict for the defendant. Having so agreed, the plaintiff cannot challenge this procedure on appeal. See *id.* "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge." *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956). See *Medi-Cab of Mass. Bay, Inc.* v. *Rate Setting Comm'n*, 401 Mass. 357, 363-365 (1987), and cases cited. In these circumstances, there is no error in the directed verdict.

*Judgment affirmed.*

---

render it untimely in this case, because the grounds for striking the opinion — i.e., the impeachment of Blais's foundation testimony — could not be brought out until cross-examination. Immediately after exposing the inconsistencies in Blais's foundation testimony, the defendant moved to strike Blais's opinion testimony. The motion to strike thus was timely.