CBI PARTNERS LIMITED PARTNERSHIP *vs.* TOWN OF CHATHAM. No. 94-P-1454. October 21, 1996. *Eminent Domain*, Damages, Expert testimony. *Evidence*, Value, Opinion, Expert opinion. *Practice, Civil*, New trial.

Prior to trial in this eminent domain case arising out of the defendant town's taking of part of an inn and resort complex in Chatham, the town filed two motions in limine seeking, among other things, to prevent the testimony of Alan J. Green, a principal of the plaintiff, as part owner of the complex, concerning the value of the property before and after the taking and the factors he considered in arriving at his opinion.[1] On voir dire, Green testified extensively as to his familiarity with the locus and the inn

[1]Green is the owner and principal of Green Chatham, Inc., which is the general partner of GKV Associates, a limited partnership which owns fifty percent of the plaintiff. See *Roberts-Haverhill Assocs.* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 721 (1974). Other aspects of the motions in limine are not before us and we do not address them. The plaintiff's counsel made clear that he was not seeking qualification of Green as an expert witness.

complex.[2] The trial judge denied the motions, ruling that she would not prohibit Green from testifying as to the bases of his opinion as an owner "and also based upon his history [as] a person who has bought and sold and developed real estate." The judge granted the town a continuing objection to Green's stating the bases for his opinion as an owner. At trial, both sides agreed that the highest and best use of the locus was for residential subdivision purposes, and both offered witnesses who used the "subdivision development" or "lot" approach to valuation discussed in *Clifford* v. *Algonquin Gas Transmission Co.*, 413 Mass. 809, 813, 816-821 (1992). See *Algonquin Gas Transmission Co.* v. *60 Acres of Land, More or Less, in Brockton*, 855 F. Supp. 449, 453-454 (D. Mass. 1994). See also 4 Nichols, Eminent Domain § 12B.14[1] (rev. 3d ed. 1996).[3] A Superior Court jury returned a verdict for the plaintiff in the amount of $9,295,000. After deduction of a pro tanto payment, judgment was entered for the plaintiff upon the jury verdict in the amount of $4,631,430.75, with interest and costs. The town appeals from the judgment and the trial judge's order denying its motion for new trial. We affirm.

1. *Owner's opinion.* "An owner of real estate . . . having adequate knowledge of his property may express an opinion as to its value." *Southwick* v. *Massachusetts Turnpike Authy.*, 339 Mass. 666, 668 (1959). Indeed, Massachusetts cases speak to a presumption that an owner is sufficiently familiar with his property so as to qualify him to do so. See *Patch* v. *Boston*, 146 Mass. 52, 57 (1888); *Meyer* v. *Adams Exp. Co.*, 240 Mass. 94, 95 (1921); *Menici* v. *Orton Crane & Shovel Co.*, 285 Mass. 499, 503-504 (1934), and cases cited. The presumption is not absolute. " 'The rule which permits an individual owner to testify to the value of real .... property does not rest upon his holding the legal title, but is based upon his familiarity with the characteristics of the property, his knowledge or acquaintance with its uses,

---

[2]Green testified that he had participated in his family's real estate development business for almost forty years, that he had participated in the development of two residential subdivisions on Cape Cod and had subdivided others, that his company had developed shopping centers, that he was familiar with the process of obtaining local planning board approval for residential subdivisions, including condominiums, and that he served on a local conservation commission. He also testified that he was familiar with the zoning of the locus and that, preparatory to the plaintiff's purchase of the inn complex and based upon a preliminary survey by an engineer, he had estimated the number of potential lots in the inn complex for subdivision purposes so as to determine an estimate of value.

[3]Neither party argued to the judge that the evidence of "subdivision development" or "lot" valuation was inadmissible where, as was the case at trial, no improvements toward subdivision had been made to the locus and it was not in the process of being subdivided as of the time of the taking. So far as appears, the parties' witnesses did not value the locus on a "whole subdivision" basis, as the authorities cited above seem to require where essentially raw land is the subject of the taking. The town having failed to raise this issue below, despite *Clifford* having been decided ten months prior to the trial, we will not hear the town to argue on appeal that *Clifford* required the judge to strike the plaintiff's evidence based upon the "subdivision development" or "lot" valuation. " '[T]he theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge.' " *Anthony's Pier Four, Inc.* v. *HBC Assocs.*, 411 Mass. 451, 471 n.25 (1991), quoting from *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956). We intimate no approval of the parties' valuation methodology.

and his experience in dealing with it.' " *Blais-Porter, Inc.* v. *Simboli,* 402 Mass. 269, 272 (1988), quoting from *Winthrop Prods. Corp.* v. *Elroth Co.,* 331 Mass. 83, 85 (1954). The same rule applies to corporate officers testifying as to corporate property. *Blais-Porter, Inc.* v. *Simboli, supra* at 273. Whether the witness has the necessary knowledge and familiarity about his property to enable him to express his opinion about its market value is a preliminary question of fact for the trial judge, and we will not disturb the trial judge's determination on the issue unless it is erroneous as matter of law. *Southwick* v. *Massachusetts Turnpike Authy., supra* at 668-669. See *Blais-Porter, Inc.* v. *Simboli, supra.*[4]

On appeal, the town does not contest the judge's determination that Green was qualified to give his opinion of value as an owner. Instead, it argues that Green was permitted to testify as an expert witness without proper qualification, enabling him to rely on analyses and opinions of others, thereby impermissibly bolstering his opinion of value. *Tigar* v. *Mystic River Bridge Authy.,* 329 Mass. 514, 519-520 (1952). We conclude that the town has failed to preserve this issue for our review. In the first instance, for the reasons we have stated, the judge's denial of the town's motions in limine was well within her discretion, *Commonwealth* v. *Cataldo,* 423 Mass. 318, 327 n.8 (1996), and those motions alone are insufficient to save the town's appellate rights. See *Commonwealth* v. *Gabbidon,* 398 Mass. 1, 7 (1986); *Commonwealth* v. *Shea,* 401 Mass. 731, 740 (1988); *Adoption of Carla,* 416 Mass. 510, 515 (1993). See also *Freyermuth* v. *Lutfy,* 376 Mass. 612, 616 (1978). Contrast *Commonwealth* v. *Acosta,* 416 Mass. 279, 284 n.1 (1993). The town's continuing objection to Green's testimony was directed toward Green's being permitted to state the foundation for his opinion as an owner; it did not relate to the issue of his reliance on the opinions or conclusion of others or, as we have said (see note 3, *supra*), to his methodology.[5] Finally, the town did not move to strike or otherwise object to Green's detailed testimony except on the basis that the witness was testifying on

---

[4]An owner may give the foundation for his opinion and may be required to do so to establish his requisite knowledge and familiarity with his property; to the extent that the town is asserting that the judge should not have permitted Green to testify as to the bases for his opinion, the argument is without merit. See *Southwick* v. *Massachusetts Turnpike Authy.,* 339 Mass. at 670-671; *Assessors of Ipswich* v. *Smith,* 357 Mass. 778 (1970); *Carlson* v. *Holden,* 358 Mass. 22, 26-27 (1970); *McCormick* v. *Travelers Indem. Co.,* 22 Mass. App. Ct. 636, 637 (1986). Moreover, a determination that an owner possesses special knowledge bearing upon value, such as the judge made and was warranted here, see *Meyer* v. *Adams Exp. Co.,* 240 Mass. at 95-96; cf. *Standish Mgmt., Inc.* v. *Randolph Hous. Authy.,* 26 Mass. App. Ct. 901, 902 (1988) (witness had specialized knowledge of what owner of real estate might expect in the way of zoning action), justifies admission of the owner's opinion as matter of the judge's broad discretion in eminent domain cases to determine the competency of evidence. See *Iris* v. *Hingham,* 303 Mass. 401, 408-409 (1939); *Library Servs., Inc.* v. *Malden Redev. Authy.,* 9 Mass. App. Ct. 877, 878 (1980); *Standish Mgmt., Inc.* v. *Randolph Hous. Authy., supra* at 901.

[5]We stress that this objection came prior to Green's testimony at trial, and that the town did not indicate to the judge either at the time of the objection or at the time of Green's testimony that it objected either to Green's reliance upon "subdivision development" or "lot" valuation principles as a basis for his opinion as part owner of the locus, or to his reliance on reports or analyses prepared by others.

behalf of a corporate entity consisting of others,[6] a matter also within the judge's discretion. Having failed to raise squarely any possible infirmities in the foundation for Green's testimony at trial, the town may not raise this issue for the first time on appeal. See *Massachusetts-American Water Co.* v. *Grafton Water Dist. (No. 1)*, 36 Mass. App. Ct. 944, 947 (1994). In any event, as the town has never challenged Green's qualifications to give his opinion as an *owner*, we are somewhat at a loss to understand how the town was at a disadvantage by examining whether his opinion had a proper foundation and by demonstrating weaknesses therein, which the town did by vigorous cross-examination. As the jury returned a verdict substantially below the value assigned by Green, they seem to have taken the weaknesses into consideration.

2. *Motion to strike.* The town argues that the judge erred by failing to strike the testimony of Ricardo Dumont, an urban and town planner and landscape architect, and references to a preliminary plan prepared by Dumont showing a potential subdivision of the locus, upon which Green relied.[7] The town did not object to this evidence at the time of the testimony of either Green or Dumont, at the time of cross-examination of either witness, or at the close of either witness's testimony. The motion to strike came days after Dumont had completed his testimony, and counsel waived argument on the motion. In such circumstances, the judge did not err in denying the motion to strike. See *Hero Intl. Corp.* v. *Commonwealth*, 35 Mass. App. Ct. 911, 912 (1993). Contrast *Blais-Porter, Inc.* v. *Simboli*, 402 Mass. at 273-274 n.3, where the grounds for the motion to strike testimony on direct examination were not present until cross-examination exposed inconsistencies in foundation testimony, and the motion to strike was made immediately upon exposing those inconsistencies. In any event, because the town's expert witness employed the same basic methodology based upon a different plan, the town may not complain that Green's use of the Dumont plans constituted "unduly detailed and confusing proof of speculative future uses of property having no very direct relationship to market values at the time of the taking." *Aselbekian* v. *Massachusetts Turnpike Authy.*, 341 Mass. 398, 401 (1960). See *Marchand* v. *Murray*, 27 Mass. App. Ct. 611, 616 (1989).[8]

3. *Motion for new trial.* An appellate court will not reverse a lower court's denial of a new trial motion absent an error of law or abuse of

---

[6]The town now asserts that the one contemporaneous objection to Green's testimony which it presses on appeal was predicated upon Green's allegedly testifying to opinions which were not his own and to facts as to which he lacked personal knowledge. See *Tigar* v. *Mystic River Bridge Authy.*, 329 Mass. at 519-520. Having stated the specific grounds for its objection below, the town may not urge other grounds on appeal. *Kagan* v. *Levenson*, 334 Mass. 100, 107 (1956).

[7]The judge declined to admit in evidence plans Dumont had prepared in advance of litigation but permitted their use as chalks. See *Boston Edison Co., petitioner*, 341 Mass. 86, 92-93 (1960); *Aselbekian* v. *Massachusetts Turnpike Authy.*, 341 Mass. 398, 401-402 (1960). See also *Clifford* v. *Algonquin Gas Transmission Co.*, 413 Mass. at 814-816, and cases cited, discussing plans admitted in evidence.

[8]Although as part of its argument for a new trial the town also asserts that the testimony of the plaintiff's expert appraisal witness, Donald Reenstierna, similarly lacked proper foundation, the town does not argue on appeal that the judge's denial of its motion to strike this witness's testimony was error, and thus we deem the issue

discretion. *Poly* v. *Moylan*, 423 Mass. 141, 150 (1996). On the probative evidence presented, we conclude that the town has not made any such showing. See *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715-716 (1972); *DiBiase* v. *Rowley*, 33 Mass. App. Ct. 928, 930 (1992).

> *Judgment affirmed.*
> *Order denying motion for new trial*
> *affirmed.*

*Bruce P. Gilmore* for the defendant.
*Neal C. Tully* for the plaintiff.

waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). We note, however, that this motion also was untimely.