# TIMOTHY TILTON vs. UNION OIL COMPANY OF CALIFORNIA.[1]

No. 04-P-759.

Norfolk. March 16, 2005. - July 25, 2005.

Present: GREENBERG, COWIN, & GREEN, JJ.

*Practice, Civil,* Instructions to jury, Special verdict, Additur, Default. *Negligence,* Manufacturer, Bulk supplier doctrine, Duty to warn, Adequacy of warning.

In a civil action arising from personal injury the plaintiff employee incurred from an explosion of toluene which the defendant supplied in bulk to the plaintiff's employer, there was no error in the trial judge's instruction on the bulk supplier doctrine [116-118], nor was there any merit to the defendant's remaining claims of error [118].

A trial judge in a civil action did not err in denying the plaintiff's motion for additur and his motion for entry of default judgment. [118-119]

CIVIL ACTION commenced in the Superior Court Department on September 2, 1994.

After review by this court, 56 Mass. App. Ct. 901 (2002), the case was retried before *Isaac Borenstein, J.*

*Joel F. Pierce (Danielle T. Jenkins* with him) for the defendant.

*John M. Wozniak (Daniel J. Murphy* with him) for the plaintiff.

GREEN, J. The plaintiff was seriously injured when he attempted to remove the lid from a fifty-five gallon drum by means of an acetylene torch. The torch ignited a small amount of toluene which remained in the drum, causing an explosion. The defendant supplied toluene in bulk to the plaintiff's employer, Compton Toilet Partitions, Inc. (Compton). In *Tilton v. Union Oil Co. of California,* 56 Mass. App. Ct. 901 (2002) (*Tilton I*), we vacated a judgment in the plaintiff's favor because

---

[1]Doing business as Unocal.

we concluded that the defendant was entitled to a jury instruction on the bulk supplier doctrine, and we remanded the case for a new trial on the defendant's liability. A new trial again resulted in a plaintiff's verdict, and the parties cross-appealed from the resulting judgment. We affirm the judgment, addressing the parties' various claims in turn.

1. *Jury instruction.* *Hoffman* v. *Houghton Chem. Corp.*, 434 Mass. 624, 629-634 (2001), decided between the conclusion of the first trial and our disposition of *Tilton I*, established the defendant's entitlement to a jury instruction on the bulk supplier doctrine. The defendant contends that the second trial judge improperly instructed the jury on the doctrine, imposing on the defendant a duty to investigate Compton's safety practices which is beyond the scope of the doctrine as articulated in *Hoffman* v. *Houghton Chem. Corp.*, *supra.* "The bulk supplier doctrine allows a manufacturer-supplier (supplier) of bulk products, in certain circumstances, to discharge its duty to warn end users of a product's hazards by reasonable reliance on an intermediary." *Id.* at 629. On the question of reasonable reliance, the second trial judge instructed the jury as follows:

> "You may consider as factors whether [the defendant] had any knowledge of the training policies and/or the manner in which its product was used by [Compton] and its employees. Did [the defendant] make reasonable inquiries into the practice of Compton . . . in regards to warning its employees in safety procedures[?] Did [the defendant] have any reason to believe that Compton . . . was incapable of passing along its knowledge about the characteristics and dangers of the product[?]"

There was no error.

As explained in *Hoffman* v. *Houghton Chem. Corp, supra* at 632, the question of reasonable reliance is "fact intensive; no bright-line rule can 'automatically determine' when reliance on the intermediary is reasonable. . . . Among the factors that may determine reasonable reliance are '(1) the dangerous condition of the product; (2) the purpose for which the product is used; (3) the form of any warnings given; (4) the reliability of the third party as a conduit of necessary information about the

product; (5) the magnitude of the risk involved; and (6) the burden imposed on the supplier by requiring that he directly warn all users" (citations omitted). The bulk supplier doctrine finds its source in the Restatement (Second) of Torts § 388 comment n (1965), which provides in pertinent part that

> "while it may be proper to permit a supplier to assume that one through whom he supplies a chattel which is only slightly dangerous will communicate the information given him to those who are to use it unless he knows that the other is careless, it may be improper to permit him to trust the conveyance of the necessary information of the actual character of a highly dangerous article to a third person of whose character he knows nothing. It may well be that he should take the risk that this information may not be communicated, unless he exercises reasonable care to ascertain the character of the third person, or unless from previous experience with him or from the excellence of his reputation the supplier has positive reason to believe that he is careful."

In the circumstances, where the toluene supplied by the defendant was highly volatile and was delivered to Compton on at least one prior occasion by pumping it into unlabeled drums, we consider the instruction inviting the jury to consider whether the defendant made reasonable inquiry into Compton's safety procedures to be entirely consistent with the bulk supplier doctrine. See *Little* v. *Liquid Air Corp.*, 952 F.2d 841, 851 (5th Cir. 1992); *Jones* v. *Hittle Service, Inc.*, 219 Kan. 627, 639 (1976) (bulk supplier fulfils duty to warn only if it ascertains that its intermediary purchaser is [i] adequately trained, [ii] familiar with the properties of the product and safe methods of handling it, and [iii] capable of passing that knowledge to end users).[2]

There is likewise no merit in the defendant's contention that

---

[2]The duty does not, however, extend to a duty to police the adequacy of warnings given by the intermediary to end users. See *Mason* v. *Texaco Inc.*, 862 F.2d 242, 246 (10th Cir. 1988). "[T]he bulk supplier simply is 'not in a position to constantly monitor the turnover of an employer's workforce' or 'to provide the good housekeeping measures, training and warnings to [the intermediary's] workers on a continuous and systemic basis.' " *Hoffman* v. *Houghton Chem. Corp.*, supra at 634, quoting from *Fisher* v. *Monsanto Co.*, 863 F.Supp. 285, 289 (W.D.Va. 1994).

the second trial judge "erred in omitting in the jury instruction the [p]roximate-[c]ause element of the [b]ulk-[s]upplier [doctrine]." As the plaintiff correctly observes, there is no "proximate cause element" of the bulk supplier doctrine; we note that the judge properly instructed the jury on proximate cause as an element of the plaintiff's claims for negligence and breach of warranty.

2. *Other issues.*

a. *Defendant's remaining claims.* The defendant advances various other claims of error, none of which requires extended discussion. The judge's refusal to include certain special verdict questions requested by the defendant was within his discretion. See *Draghetti* v. *Chmielewski*, 416 Mass. 808, 818 (1994). Contrary to the defendant's argument, the judge properly excluded from evidence the plaintiff's allegations that Compton's principal was negligent in allowing hazardous barrels to remain on the property. The plaintiff's allegations are not evidence; to the extent the defendant sought to establish that Compton's negligence was an independent superseding cause of the plaintiff's injuries, it was free to submit competent evidence to that effect.[3] The admission of evidence regarding the nature of the plaintiff's injuries did not, as the defendant contends, improperly present evidence of damages in a trial limited to liability; the evidence was properly admitted to establish that the injuries were caused by toluene, and the second trial judge gave appropriate limiting instructions to the jury. Finally, the jury's verdict was not against the weight of the evidence. The defendant's insistence that the evidence established that it gave adequate and sufficient warnings to Compton, and that it reasonably relied on Compton to convey those warnings to its employees, simply reflects a different view of the evidence than adopted by the jury.

b. *Plaintiff's cross appeal.* The second trial judge did not err

---

[3]The defendant suggests that the plaintiff's allegations were admissible as admissions of a party opponent. That characterization overcomes the hearsay nature of the statements, but does not illustrate why the plaintiff's subjective opinion of Compton's negligence was competent or probative. Moreover, even were the plaintiff's allegations of Compton's negligence considered competent and probative, we consider their exclusion harmless. See *Foreign Car Center, Inc.* v. *Salem Suede, Inc.*, 40 Mass. App. Ct. 15, 18-22 (1996).

in denying the plaintiff's motion for additur. The plaintiff contends that deterioration in his condition during the period following the damages verdict in the first trial illustrates that the damage award is inadequate. As a threshold matter, there is no evidence in the record to establish the basis for the plaintiff's assertion. Moreover, the case was presented to the jury in the first trial with instruction and argument directing the jury to assess both present and future damages resulting from the plaintiff's injuries. Even if the plaintiff's current assertions are credited, we would not consider the second trial judge to have abused his considerable discretion in concluding that the first jury's award of $1,750,000 was not so inadequate as to "descend to the level of unreasonableness." *Freeman* v. *Wood*, 379 Mass. 777, 785 (1980). The second trial judge properly allowed the defendant's motion to alter and amend the judgment to reflect a setoff of the amount paid to the plaintiff in settlement by Compton. See *Scannell* v. *Ed. Ferreirinha & Irmao, LDA*, 401 Mass. 155, 165 (1987); G. L. c. 231B, § 4. Finally, the second trial judge did not err in his denial, posttrial, of the plaintiff's pretrial motion for entry of a default judgment based on the defendant's failure to produce various documents, including copies of material safety data sheets that the defendant claimed to have sent to Compton concerning the toluene it supplied. The second trial judge instructed the jury that they could draw an adverse inference against the defendant in assessing its claim to have sent such documents to Compton, based on the defendant's failure to produce them. In any event, the plaintiff's request for the more severe sanction of a default judgment is rendered moot by the jury's verdict of liability against the defendant.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*